SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
DAVID B. CHIDLAW, Cal. Bar No. 144681
dchidlaw@sheppardmullin.com
DANIEL F. DE LA CRUZ, Cal. Bar No. 292537
ddelacruz@sheppardmullin.com
501 West Broadway, 19th Floor
San Diego, CA 92101-3598
Telephone:  619.338.6500
Facsimile:   619.234.3815

DANIEL J. McQUEEN, Cal. Bar No. 217498
dmcqueen@sheppardmullin.com
DAVID A. ALVAREZ, Cal. Bar No. 322976
dalvarez@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398

Attorneys for SAN DIEGO GAS &
ELECTRIC COMPANY and SEMPRA
ENERGY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RADCLIFF individually and on behalf of others similarly situated and aggrieved,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAN DIEGO GAS & ELECTRIC COMPANY, a California corporation; SEMPRA ENERGY, a California corporation; and DOES 1 through 50. inclusive,<br><br>　　　　Defendants. | Case No. **'20CV1555 H    MSB**<br>San Diego County Case No. 37-2020-00010919-CU-OE-CTL<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 29 U.S.C. § 185 (LMRA PREEMPTION) AND 28 U.S.C. § 1441(a) (FEDERAL QUESTION)**<br><br>*[Filed concurrently with Declaration of James Boland]*<br><br>Complaint Filed:  February 27, 2020<br>Trial Date:           None |

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

-1-

**PLEASE TAKE NOTICE** that Defendants San Diego Gas & Electric Company and Sempra Energy hereby remove the above-entitled action from the Superior Court of the State of California in and for the County of San Diego to the United States District Court for the Southern District of California.  This Court has subject matter jurisdiction over Plaintiff's lawsuit.

As explained by the Ninth Circuit Court of Appeals in <u>Curtis et al. v. Irwin Industries, Inc.</u>, 913 F.3d 1146, 1149-1150 (2019), Plaintiff's "claim for overtime pay is preempted under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, because California overtime law does not apply to an employee working under a qualifying collective bargaining agreement, Cal. Lab. Code § 514, and [Plaintiff] worked under such an agreement."  As made clear in <u>Curtis</u>, "[b]ecause [Plaintiff's] right to overtime exists solely as a result of the CBA, his claim that [Defendant] violated overtime requirements … is preempted under § 301."  <u>Id.</u> at 1155 (internal citation omitted for clarity).

In addition, as set forth in California Labor Code section 512, California's statutory meal period obligations do not apply to an employee, such as Plaintiff, who worked under a qualifying collective bargaining agreement with an "electrical corporation, a gas corporation, or a local publicly owned electric utility."  Cal. Lab. Code § 512(f)(4).  Defendants are electrical and gas corporations.  Here, Plaintiff's meal period rights flow solely from the collective bargaining agreement that governed his employment.  His meal period claim is, therefore, preempted by section 301 of the LMRA.

Accordingly, removal is proper based on these grounds, as set forth more fully below:

## BACKGROUND

1.  San Diego Gas & Electric Company is an electrical corporation because it owns, controls, operates and/or manages at least one electric plant for compensation within the State of California.  Declaration of James Boland ("Boland

1 Decl."), ¶ 2.  See Cal. Lab. Code § 512(g)(3)-(4); Cal. Pub. Util. Code §§ 218 and 222.

2. Plaintiff began employment with Defendant San Diego Gas & Electric Company, on September 25, 2006, as an Operator Technician.  Id. at ¶ 3.  Although he is currently on a medical leave of absence, and has been since on or about December 28, 2018, Plaintiff remains employed by San Diego Gas & Electric Company as a Dispatcher Specialist.  Id.

3. Since at least February 27, 2016 (i.e., four years before this lawsuit was filed), Plaintiff has been a member of the International Brotherhood of Electrical Workers, Local Union 465.  Id. at ¶ 4.  As a member of this union, the terms and conditions of Plaintiff's work is subject to a collective bargaining agreement.  Id.  The current version of the collective bargaining agreement became effective on September 15, 2015, and remains in effect.  Id.  This collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees.  Id. at Exh. A at pp. 15-17 (hours), 55-77, 82-88, 90-91 (working conditions), and 101-125 (wages).  It further expressly provides for meal periods for those employees, and final and binding arbitration of disputes concerning application of its meal period provisions.  Id. at Exh. _ at pp. 15, 17, 20, 22, 37-39 (various meal period provisions) and 93-97 (final and binding arbitration).  The agreement also provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for covered employees of not less than 30 percent more than the state minimum wage rate.  Id. at Exh. A at pp. 22-27 (overtime provisions) and 101-125 (wage tables showing all rates at least 30 percent greater than the then-current California minimum wage).

4. On or about February 27, 2020, Plaintiff filed a proposed class action complaint against Defendants in the Superior Court of the State of California, County of San Diego, Case No. 37-2020-00010919-CU-OE-CTL (the "Complaint").  A true and correct copy of the Complaint is attached hereto as **Exhibit A.**

-3-

5.  The Complaint purports to assert claims for relief arising out of Plaintiff's employment with Defendants, on behalf of a proposed class of all current and former non-exempt employees of Defendants who are or were employed in the state of California from February 27, 2016 through the present.  Specifically, Plaintiff brings claims for:  (1) Failure to pay minimum wages; (2) Failure to pay overtime wages; (3) Failure to provide required meal periods; (4) Failure to provide required rest periods; (5) Failure to indemnify employees for necessary expenditures incurred in discharge of duties; (6) Failure to maintain required records; (7) Failure to furnish accurate itemized wage statements; (8) Failure to timely pay wages during employment; (9) Failure to pay all wages due to discharged and quitting employees; (10) Unfair and unlawful business practices; and (11) Enforcement action pursuant to the Private Attorneys General Act of 2004.

6.  On July 13, 2020, Defendants were served with Plaintiff's Complaint.  True and correct copies of the Proofs of Service on Defendants are attached hereto as **Exhibits C and D**.

7.  On August 7, 2020, Defendants filed their answer to Plaintiff's complaint.  Pursuant to their fifteenth affirmative defense, Defendants contend Plaintiff's overtime and meal period claims are preempted by the Labor Management Relations Act.  A true and correct copy of the Answer is attached hereto as **Exhibit E.**

**TIMELINESS OF REMOVAL**

8.  This Notice of Removal is timely as it is being filed within 30 days of the first receipt by a defendant of a copy of an "order or other paper" (in this case, the Complaint) from which it was first ascertained the case had become removable. 28 U.S.C. § 1446(b)(3).

**LMRA PREEMPTION UNDER 29 U.S.C. § 185**

9.  Plaintiff's overtime and meal period claims are completely preempted by 29 U.S.C. § 185 (i.e., § 301 of the LMRA) and, thus, this case may be removed

pursuant to 28 U.S.C. § 1441(a).  See Curtis, 913 F.3d at 1152 ("Although normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such extraordinary preemptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.  In other words, a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to federal court.") (internal citation omitted for clarity).

10. As his second cause of action, Plaintiff alleges Defendants failed to pay overtime wages by "among other things:  failing to pay overtime at one and one-half (1 1/2) or double the regular rate of pay; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF'S and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and by other methods to be discovered."  (Complaint at ¶ 27.)

11. As his third cause of action, Plaintiff alleges Defendants failed to provide meal periods because they "required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than a 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS."  (Complaint at ¶ 31.)

12. Pursuant to California Labor Code sections 512(e)-(f) and 514, Curtis, and 29 U.S.C. §185, Plaintiff's overtime and meal period claims are controlled by the collective bargaining agreement that was in effect during the proposed class period.  Thus, 29 U.S.C. §185, a federal law, applies and the claims are preempted.  See, generally, 29 U.S.C. § 185(a) ("Suits for violation of contracts between an employer and a labor organization representing employees in an industry

affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."). Accordingly, this Court has original jurisdiction over the overtime and meal period claims in this action.

## SUPPLEMENTAL JURISDICTION

13. Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's remaining state law causes of action, most of which are predicated on and related to Plaintiff's claims for alleged failure to pay overtime and failure to provide meal periods, which are preempted pursuant to 29 U.S.C. § 185. See, e.g., Complaint at ¶¶ 23, 44, 48, 51, 59, 63 and 70). Plaintiff's state law causes of action are so related to the federal claim, so as to form part of the same case or controversy under Article III of the United States Constitution. This Court also has supplemental party jurisdiction over all claims asserted against Sempra Energy as they are identical to those alleged against SDG&E and are thus derived from a "common nucleus of operative fact." Abrams v. Blackburne & Sons Realty Capital Corp., 301 F.3d 1163, 1173 (9th Cir. 2002.) As such, supplemental jurisdiction is appropriate.

## VENUE

14. Venue lies in the Southern District of California pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(b). This action originally was brought in the Superior Court of the State of California, County of San Diego.

## NOTICE OF REMOVAL

15. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of San Diego.

16. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendant or

filed by Defendants are attached hereto as the following exhibits, including: the Complaint, summons, and civil case cover sheet (Exhibit A), the order assigning the action to the Honorable John Meyer (Exhibit B), the Proof of Service of Summons to Defendant San Diego Gas & Electric Company (Exhibit C), the Proof of Service of Summons to Defendant Sempra Energy (Exhibit D), and Defendants' Answer to the Complaint (Exhibit E).

**WHEREFORE**, Defendant requests that the above action pending before the Superior Court of the State of California for the County of San Diego be removed to the United States District Court for the Southern District of California.

Dated: August 11, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   */s/ David A. Alvarez*
DAVID B. CHIDLAW
DANIEL J. McQUEEN
DANIEL F. DE LA CRUZ
DAVID A. ALVAREZ

Attorneys for SAN DIEGO GAS & ELECTRIC COMPANY and SEMPRA ENERGY

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On August 11, 2020, I served true copies of the following document(s) described as **DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 29 U.S.C. § 185 (LMRA PREEMPTION) AND 28 U.S.C. § 1441(a) (FEDERAL QUESTION)** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 11, 2020, at Los Angeles, California.

ANDREA KENDALL

SMRH:4829-6738-1191.1

# SERVICE LIST

| | |
|---|---|
| Matthew J. Matern, Esq.<br>Joshua D. Boxer (SBN 226712)<br>MATERN LAW GROUP, PC<br>1230 Rosecrans Avenue, Suite 200<br>Manhattan Beach, California 90266<br>Tel: (310) 531-1900<br>Fax: (310) 531-1901 | Attorneys for Plaintiff and the Class,<br>DAVID RADCLIFF |
| Sara B. Tosdal, Esq.<br>MATERN LAW GROUP, PC<br>1330 Broadway, Suite 428<br>Oakland, California 94612<br>Tel: (510) 227-3998<br>Fax: (310) 531-1901 | |

SMRH:4829-6738-1191.1