# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr>
<td>

**NOTICE TO DEFENDANT:** SAN DIEGO GAS & ELECTRIC COMPANY, a
*(AVISO AL DEMANDADO):* California corporation; SEMPRA ENERGY, a
California corporation; and DOES 1 through 50, inclusive,

<br>

**YOU ARE BEING SUED BY PLAINTIFF:** DAVID RADCLIFF individually and
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* on behalf of others similarly
situated and aggrieved,

</td>
<td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/27/2020** at 02:27:47 PM

Clerk of the Superior Court
By Vanessa Bahena,Deputy Clerk

</td>
</tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr>
<td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Diego
~~1100 Union Street~~
San Diego, California  92101
330 W Broadway San Diego, CA 92101

</td>
<td>

CASE NUMBER:
*(Número del Caso):* 37-2020-00010919-CU-OE-CTL

</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Matthew J. Matern; Joshua D. Boxer;
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Matern Law Group, PC
1330 Broadway, Suite 428, Oakland, CA 94612
(510) 227-3998

<table>
<tr>
<td>

DATE: 02/28/2020
*(Fecha)*

</td>
<td>Clerk, by
*(Secretario)*</td>
<td>Y. Bahena
V. Bahena</td>
<td>, Deputy
*(Adjunto)*</td>
</tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
             ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Matthew J. Matern; Joshua D. Boxer; Sara B. Tosdal SBN: 159798; 226712; 280322<br>Matern Law Group, PC<br>1330 Broadway, Suite 428, Oakland, CA 94612<br>TELEPHONE NO.: (510) 227-3998          FAX NO.: (310) 531-1901<br>ATTORNEY FOR *(Name):* David Radcliff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**02/27/2020** at 02:27:47 PM<br>Clerk of the Superior Court<br>By Vanessa Bahena, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: ~~1100 Union Street~~   330 W Broadway
MAILING ADDRESS: ~~1100 Union Street~~
CITY AND ZIP CODE: San Diego, 92101   San Diego, CA 92101
BRANCH NAME: Central Courthouse

CASE NAME: Radcliff vs. San Diego Gas & Electric Company, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [X] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] **Counter**   [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2020-00010919-CU-OE-CTL<br>JUDGE: Judge John S. Meyer<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Eleven (11)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 27, 2020

Matthew J. Matern; Joshua D. Boxer; Sara B. Tosdal
(TYPE OR PRINT NAME)                                     ▶     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder™ |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

1   Matthew J. Matern (SBN 159798)
    Joshua D. Boxer (SBN 226712)
2   **MATERN LAW GROUP, PC**
    1230 Rosecrans Avenue, Suite 200
3   Manhattan Beach, California 90266
    Telephone: (310) 531-1900
4   Facsimile: (310) 531-1901

5   Sara B. Tosdal (SBN 280322)
    **MATERN LAW GROUP, PC**
6   1330 Broadway, Suite 428
    Oakland, California 94612
7   Telephone: (510) 227-3998
    Facsimile: (310) 531-1901

8

9   Attorneys for Plaintiff DAVID RADCLIFF
    individually and on behalf of others similarly
10  situated and aggrieved

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**02/27/2020** at 02:27:47 PM
Clerk of the Superior Court
By Vanessa Bahena,Deputy Clerk

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                        COUNTY OF SAN DIEGO

13

14  DAVID RADCLIFF individually and on behalf of
    others similarly situated and aggrieved,

15          Plaintiff,

16      v.

17  SAN DIEGO GAS & ELECTRIC COMPANY, a
    California corporation; SEMPRA ENERGY, a
18  California corporation; and DOES 1 through 50,
    inclusive,

19

20          Defendants.

21

22

23

24

25

26

CASE NO.: 37-2020-00010919-CU-OE-CTL

**COMPLEX – CLASS & REPRESENTATIVE
ACTION**

**COMPLAINT:**

1.  Failure to Pay Minimum Wages
2.  Failure to Pay Overtime Wages
3.  Failure to Provide Required Meal Periods
4.  Failure to Provide Required Rest Periods
5.  Failure to Indemnify Employees for Necessary
    Expenditures Incurred in Discharge of Duties
6.  Failure to Maintain Required Records
7.  Failure to Furnish Accurate Itemized Wage
    Statements
8.  Failure to Timely Pay Wages During
    Employment
9.  Failure to Pay All Wages Due to Discharged
    and Quitting Employees
10. Unfair and Unlawful Business Practices
11. Enforcement Action Pursuant to the Private
    Attorneys General Act of 2004

**DEMAND FOR JURY TRIAL**

27

28

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH
CALIFORNIA 90266

i
CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT

## NATURE OF ACTION

1.     Plaintiff DAVID RADCLIFF ("PLAINTIFF"), brings this class and representative action case on behalf of himself and all other similarly situated and aggrieved current and former non-exempt employees, who worked in the State of California for Defendant SAN DIEGO GAS & ELECTRIC COMPANY ("SDG&E"), a California corporation; Defendant SEMPRA ENERGY ("SEMPRA"), a California corporation; and DOES 1 through 50 inclusive (collectively, "DEFENDANTS"), against DEFENDANTS to remedy DEFENDANTS' illegal wage payment policies and practices during the relevant statutory periods, for which PLAINTIFF seeks damages, restitution, penalties, injunctive relief, interest, attorneys' fees and costs, and all other legal and equitable remedies deemed just and proper under California law.

## JURISDICTION AND VENUE

2.     The Superior Court of the State of California has jurisdiction in this matter because, at all relevant times, PLAINTIFF was and is a resident of the State of California. PLAINTIFF is informed and believes that the DEFENDANTS are qualified to do, and actually conduct, business in the State of California. Furthermore, no federal question is at issue because PLAINTIFF'S claims are based solely on California law.

3.     Venue is proper in this judicial district and the County of San Diego, California because PLAINTIFF and persons similarly situated and aggrieved performed work for DEFENDANTS in the County of San Diego, DEFENDANTS maintain offices and facilities and/or transact business in the County of San Diego, and because DEFENDANTS' illegal payroll policies and practices, which are the subject of this action, were applied to PLAINTIFF and other persons similarly situated and aggrieved, in the County of Santa Clara.

## PLAINTIFF AND CLASS MEMBERS

4.     PLAINTIFF, at all time relevant to this action, was a resident of the State of California and an employee of DEFENDANTS. DEFENDANTS employed PLAINTIFF from around September 2006 to around December 30, 2019 in San Diego, California.

5.     PLAINTIFF, on behalf of himself and other similarly situated and aggrieved current and former non-exempt employees of DEFENDANTS in the State of California at any time during the four

1  (4) years preceding the filing of this action, and continuing while this action is pending, bring this class

2  and representative action to recover, among other things: wages and penalties from unpaid wages earned

3  and due including, but not limited to, unpaid minimum wages, unpaid and illegally calculated overtime

4  compensation, unpaid meal period and rest period premium payments, failure to indemnify employees for

5  necessary expenditures and/or losses incurred in discharging their duties, for failure to maintain required

6  records, failure to furnish accurate itemized wage statements, failure to timely pay wages during

7  employment, failure to pay all wages due to discharged and quitting employees, and interest, attorneys'

8  fees, costs, and expenses based thereon.

9      6.    PLAINTIFF brings this action on behalf of himself and the following similarly situated

10 class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of

11 DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to

12 the filing of this action and until the time it settles or proceeds to final judgment (the "CLASS PERIOD").

13     7.    PLAINTIFF reserves the right to name additional class representatives and/or

14 representative under the California Private Attorneys General Act of 2004 ("PAGA").

15                                    **DEFENDANTS**

16     8.    PLAINTIFF is informed and believes, and thereon alleges, that Defendant SDG&E is, and

17 at all times relevant herein was, a corporation organized and existing under the laws of the State of

18 California.  PLAINTIFF is further informed and believes, and thereon alleges, Defendant SDG&E

19 conducts and did conduct business in California, specifically the County of San Diego, and is registered

20 with the California Secretary of State's office under file number C0042570.

21     9.    PLAINTIFF is informed and believes, and thereon alleges, that Defendant SEMPRA is,

22 and at all times relevant hereto was, a corporation organized and existing under the laws of the State of

23 California.  PLAINTIFF is further informed and believes, and thereon alleges, that Defendant SEMPRA

24 conducts business in the State of California. Specifically, Defendant SEMPRA maintains offices and

25 facilities and conducts and did conduct business in the County of San Diego.

26     10.   The true names and capacities of DOES 1 through 50, inclusive, are unknown to

27 PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE Defendants under fictitious names.

28 PLAINTIFF is informed and believes, and thereon alleges, that each Defendant designated as a DOE is in

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CA 90266

- 2 -
CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT
14

1   some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF and CLASS

2   MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such

3   DOE Defendants.  PLAINTIFF will seek leave of the court to amend this Complaint to allege their true

4   names and capacities of such DOE Defendants when ascertained.

5        11.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS, at all

6   times relevant to this action, committed acts and omissions in concert with each other. PLAINTIFF is

7   informed and believes, and thereon alleges, that at all times relevant hereto, DEFENDANTS were the

8   joint employers, alter egos, divisions, affiliates, integrated enterprises, subsidiaries, parents, principals,

9   sisters, related entities, co-conspirators, agents, partners, joint venturers, servants, joint enterprisers, and/or

10  guarantors, actual or ostensible, of each other. PLAINTIFF is informed and believes, and thereon alleges,

11  that each of the DEFENDANTS was completely dominated by his, her or its co-defendant and had

12  authority, actual or ostensible, to perform the actions alleged herein, unless alleged otherwise.

13       12.    PLAINTIFF is informed and believes, and thereon alleges, that to the extent that certain

14  actions and omissions were perpetrated by certain DEFENDANTS, the remaining DEFENDANTS

15  condoned, authorized, and ratified such acts and omissions. Accordingly, whenever PLAINTIFF alleges

16  that any of the DEFENDANTS or DEFENDANTS employees or agents, committed an act or omission,

17  PLAINTIFF attributes such allegations to each of the DEFENDANTS individually, jointly, and severally.

18  PLAINTIFF further attributes such allegations to each DEFENDANTS employees and agents because

19  they acted on behalf of DEFENDANTS within the course and scope of their employment and agency.

20       13.    As a direct and proximate result of DEFENDANTS unlawful actions, PLAINTIFF and

21  CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet

22  unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

23  **FACTUAL ALLEGATIONS**

24       14.    PLAINTIFF worked for DEFENDANTS in a number of hourly, non-exempt positions

25  from approximately September 16, 2006 to around December 30, 2018. Plaintiff's positions included a

26  power plant operator and a service dispatcher. At all relevant times, PLAINTIFF was an hourly, non-

27  exempt employee.

28       15.    At all relevant times, PLAINTIFF worked as an hourly non-exempt employee for

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CA 90266

- 3 -

CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT

15

1 DEFENDANTS in San Diego, California.

2    16.    PLAINTIFF and other similarly situated and aggrieved hourly, non-exempt employees

3 were denied meal and rest breaks as required by California law. PLAINTIFF and others similarly situated

4 and aggrieved were denied timely meal and rest breaks, were not relieved of duties during breaks, were

5 not provided full, uninterrupted breaks, and/or were denied breaks entirely. PLAINTIFF and others

6 similarly situated were not compensated with the premium pay required for missed meal and rest breaks.

7    17.    PLAINTIFF and other similarly situated and aggrieved hourly, non-exempt employees did

8 not receive full payment when they worked more than eight (8) hours per day or forty (40) hours per week,

9 as required by California law governing overtime pay.

10    18.    PLAINTIFF and other similarly situated and aggrieved hourly, non-exempt employees

11 were also required to work without pay, including attending mandatory training sessions without pay or

12 reimbursement.

13    19.    Additionally, PLAINTIFF and other similarly situated and aggrieved hourly, non-exempt

14 employees were required, at their own expense, to use their personal cell phones and vehicles in order to

15 perform their jobs for DEFENDANTS. These expenditures or losses were necessarily incurred by

16 PLAINTIFF and others similarly situated and aggrieved "in the direct consequence or discharge of [their]

17 duties, or of [their] obedience to the directions of DEFENDANTS." Cal. Lab. Code § 2802 (West 2019).

18 DEFENDANTS did not reimburse PLAINTIFF or other similarly situated and aggrieved hourly, non-

19 exempt employees for these expenses that they incurred.

20    **CLASS ACTION ALLEGATIONS**

21    20.    This action is appropriately suited for a Class Action because:

22    a.    The potential class is a significant number. Joinder of all current and former

23 employees individually would be impractical.

24    b.    This action involves common questions of law and fact with respect to the potential

25 class because the action focuses on DEFENDANTS systematic course of illegal payroll practices and

26 policies, which were applied to all non-exempt employees in violation of the California Labor Code, the

27 applicable Industrial Welfare Commission ("IWC") Wage Order, and the California Business and

28 Professions Code, which prohibits unfair business practices arising from such violations.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CA 90266

- 4 -
CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT
16

1        c.     PLAINTIFF'S claims are typical of CLASS MEMBERS' claims because

2 DEFENDANTS subjected all non-exempt employees to identical violations of the California Labor Code,

3 the applicable IWC Wage Order, and the California Business and Professions Code.

4        d.     PLAINTIFF is able to fairly and adequately protect the interests of all CLASS

5 MEMBERS because it is in PLAINTIFF'S best interest to prosecute the claims alleged herein to obtain

6 full compensation due to PLAINTIFF and CLASS MEMBERS for all services rendered and hours

7 worked.

8 <u>**FIRST CAUSE OF ACTION**</u>

9 **Failure to Pay Minimum Wages**

10 **[Cal. Labor Code §§ 1182.12, 1197, 1198 and IWC Wage Order Nos. 1-2001, § 4]**

11 **(Against all DEFENDANTS)**

12     21.     PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

13     22.     Pursuant to California Labor Code §§ 1182.12, 1198 and IWC Wage Order Nos. 1-2001,

14 § 4, California has fixed minimum wage rates and has required employers in California to pay their

15 employees no less than the minimum for all hours worked in the payroll period. Furthermore, California

16 Labor Code § 1197 has provided that minimum wages for employees fixed by the IWC or by state law, is

17 the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed

18 is unlawful.

19     23.     PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees

20 entitled to the protections of California Labor Code §§ 1182.12, 1198 and IWC Wage Order No. 1-2001,

21 § 4. During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and CLASS MEMBERS

22 minimum wages for all hours worked by, among other things: requiring, permitting or suffering

23 PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering

24 PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately

25 recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain

26 PLAINTIFF'S and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to

27 PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

28     24.     DEFENDANTS conduct described herein violates California Labor Code §§ 1182.12,

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CA 90266

- 5 -

CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT

17

1   1198 and IWC Wage Order No. 1-2001, § 4. As a proximate result of the aforementioned violations,

2   PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial.

3   Therefore, pursuant to California Labor Code § 1194 and other applicable provisions under the Labor

4   Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid

5   balance of wages owed to them by DEFENDANT, plus interest, penalties, attorneys' fees, expenses, and

6   costs of suit.

7                                   **SECOND CAUSE OF ACTION**

8                                   **Failure to Pay Overtime Wages**

9            **[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 1-2001, § 3]**

10                                  **(Against all DEFENDANTS)**

11          25.     PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

12          26.     Pursuant to California Labor Code §§ 510, 1198 and IWC Wage Order No. 1-2001, § 3,

13  California has required employers to pay their employees at one and one-half (1 ½) times the regular rate

14  of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for

15  the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in

16  excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the

17  seventh consecutive day of work in any workweek.

18          27.     PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees

19  entitled to the protections of California Labor Code §§ 510, 1198 and IWC Wage Order No. 1-2001, § 3.

20  During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFF and CLASS MEMBERS

21  for all overtime hours worked as required under the foregoing provisions of the California Labor Code

22  and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double

23  the regular rate of pay; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work

24  off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through

25  meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS

26  MEMBERS worked; failing to properly maintain PLAINTIFF'S and CLASS MEMBERS' records;

27  failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each

28  pay period; and by other methods to be discovered.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CA 90266

- 6 -
CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT
18

28.   In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked. As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

29.   DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 1-2001, § 3. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANT, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

### THIRD CAUSE OF ACTION

**Failure to Provide Required Meal Periods**

**[Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 1-2001, § 11]**

**(Against all DEFENDANTS)**

30.   PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

31.   During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than a 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code §§ 226.7, 512 and IWC Wage Order No. 1-2001, § 11.

32.   DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 1-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

33.   DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CA 90266

- 7 -

CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT

19

1  IWC Wage Order No. 1-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours

2  worked during their meal periods.

3      34.    As a proximate result of the aforementioned violations, PLAINTIFF and CLASS

4  MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and

5  due, interest, penalties, expenses, and costs of suit.

6                              **FOURTH CAUSE OF ACTION**

7                          **Failure to Provide Required Rest Periods**

8                **[Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 1-2001, § 12]**

9                              **(Against all DEFENDANTS)**

10     35.    PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

11     36.    At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and

12  practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to

13  provide rest periods to PLAINTIFF and CLASS MEMBERS as required under California Labor Code §§

14  226.7 and 512, and IWC Wage Order No. 1-2001, § 12.

15     37.    DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No.

16  1-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest

17  period, in accordance with the applicable wage order, one additional hour of compensation at each

18  employee's regular rate of pay for each workday that a rest period was not provided.

19     38.    As a proximate result of the aforementioned violations, PLAINTIFF and CLASS

20  MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and

21  due, interest, penalties, expenses, and costs of suit.

22                              **FIFTH CAUSE OF ACTION**

23  **Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

24                          **[Cal. Labor Code § 2802]**

25                              **(Against all DEFENDANTS)**

26     39.    PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

27     40.    California Labor Code § 2802(a) requires an employer to indemnify an employee for all

28  necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CA 90266

- 8 -

CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT
20

1  or her duties, or of his or her obedience to the directions of the employer.

2      41.    During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify

3  PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct

4  consequence of the discharge of their duties while working under the direction of DEFENDANT,

5  including, but not limited to, expenses for cell phone use and other employment-related expenses, in

6  violation of California Labor Code § 2802.

7      42.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF

8  and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek

9  reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code §

10  2802(b). Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory

11  penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in

12  California Labor Code § 2802(c), as well as other available remedies.

13                          **SIXTH CAUSE OF ACTION**

14                        **Failure to Maintain Required Records**

15              **[Cal. Labor Code §§ 226; IWC Wage Order No. 1-2001, § 7]**

16                          **(Against all DEFENDANTS)**

17      43.    PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

18      44.    During the CLASS PERIOD, DEFENDANTS routinely failed to provide PLAINTIFF and

19  CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each

20  employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and

21  address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, and all applicable

22  hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly

23  rate, in violation of California Labor Code § 226 and IWC Wage Order No. 1-2001, § 7.

24      45.    During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to

25  provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in

26  accordance with California Labor Code § 226(a).

27      46.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF

28  and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CA 90266

- 9 -

CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT

21

1    earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to

2    all available statutory penalties, including, but not limited to, civil penalties pursuant to California Labor

3    Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees,

4    including, but not limited to, those provided in California Labor Code § 226(e), as well as other available

5    remedies.

6                                    **SEVENTH CAUSE OF ACTION**

7                          **Failure to Furnish Accurate Itemized Wage Statements**

8                        **[Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 1-2001, § 7]**

9                                      **(Against all DEFENDANTS)**

10         47.    PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

11         48.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and

12   practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due, DEFENDANTS

13   knowingly and intentionally failed to maintain records as required under California Labor Code §§ 226,

14   1174, and IWC Wage Order No. 1-2001, § 7, including, but not limited to, the following records: total

15   daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records

16   showing when each employee begins and ends each work period; and accurate itemized statements.

17         49.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF

18   and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to

19   all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are

20   entitled to all available statutory penalties, including, but not limited to, civil penalties pursuant to

21   California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable

22   attorneys' fees, including, but not limited to, those provided in California Labor Code § 226(e), as well as

23   other available remedies.

24                                    **EIGHTH CAUSE OF ACTION**

25                          **Failure to Pay Timely Wages During Employment**

26                                     **[Cal. Labor Code § 204]**

27                                      **(Against All DEFENDANTS)**

28         50.    PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CA 90266

- 10 -
CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT
22

51.     Pursuant to California Labor Code § 204, for all labor performed between the 1st and 15th days of any calendar month, DEFENDANTS are required to pay their nonexempt employees between the 16th and 26th day of the month during which the labor was performed. California Labor Code § 204 also provides that for all labor performed between the 16th and 26th days of any calendar month, DEFENDANTS are required to pay their nonexempt employees between the 1st and 10th day of the following calendar month. In addition, California Labor Code § 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday of the next regular payroll period.

52.     During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to pay PLAINTIFF and CLASS MEMBERS all the wages they earned when due as required by California Labor Code § 204.

53.     Pursuant to California Labor Code § 210, failure to pay the wages of each employee as provided in California Labor Code § 204 will subject DEFENDANTS to a civil penalty of: (1) one hundred dollars ($100) for each failure to pay each employee for each initial violation; and (2) two hundred dollars ($200) for each failure to pay each employee, plus twenty-five percent (25%) of the amount unlawfully withheld, for each subsequent violation.

54.     DEFENDANTS' conduct described herein violates California Labor Code § 204. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 210, 226, 558, 1194, 1197.1 and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANT, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

### NINTH CAUSE OF ACTION

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Labor Code §§ 201, 202, 203]**

**(Against all DEFENDANTS)**

55.     PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

56.     Pursuant to California Labor Code §§ 201, 202, and 203, DEFENDANTS are required to

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CA 90266

- 11 -
CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT
23

1  pay all earned and unpaid wages to an employee who is discharged. California Labor Code § 201 mandates

2  that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of

3  discharge are due and payable immediately.

4      57.     Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to

5  pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her

6  employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in

7  which case the employee is entitled to his or wages at the time of quitting.

8      58.     California Labor Code § 203 provides that if an employer willfully fails to pay, in

9  accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or

10  who quits, the employer is liable for waiting time penalties in the form of continued compensation to the

11  employee at the same rate for up to 30 workdays.

12      59.     During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages

13  and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor

14  Code §§ 201 and 202.

15      60.     As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory

16  penalties, including the waiting time penalties provided in California Labor Code § 203, together with

17  interest thereon, as well as other available remedies.

18      61.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF

19  and CLASS MEMBERS have been deprived of compensation in an amount according to proof at the time

20  of trial, but not in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts,

21  plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code § 1194.

22                        **TENTH CAUSE OF ACTION**

23                     **Unfair and Unlawful Business Practices**

24                   **[Cal. Bus. & Prof. Code §§ 17200 *et. seq.*]**

25                       **(Against all DEFENDANTS)**

26      62.     PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

27      63.     Each and every one of DEFENDANTS' acts and omissions in violation of the California

28  Labor Code and/or the applicable IWC Wage Order as alleged herein, including, but not limited to,

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CA 90266

- 12 -

CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT

24

DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code §§ 17200, *et seq.*

64.   DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF, CLASS MEMBERS and the general public.

65.   DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

66.   As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

67.   DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including, but not limited to, orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but not in excess of the jurisdiction of this Court.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CA 90266

- 13 -
CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT
25

**ELEVENTH CAUSE OF ACTION**

**Enforcement Action for Civil Penalties**

**[Cal. Labor Code §§ 2698–2699.5]**

**(Against all DEFENDANTS)**

68.     PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

69.     PLAINTIFF is an "aggrieved employees" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of himself and other current and former employees of DEFENDANTS pursuant to the procedures specified in California Labor Code § 2699.3, because PLAINTIFF was employed by DEFENDANTS and alleged violations of the California Labor Code were committed against PLAINTIFF.

70.     Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698, *et seq*., PLAINTIFF seeks to recover civil penalties, including, but not limited to, penalties under California Labor Code §§ 2699, 210, 225.5, 226.3, 1174.5, 1197.1, 1199, and IWC Wage Order No. 1-2001, § 20, from DEFENDANTS in a representative action for the violations set forth above, including, but not limited to, violations of California Labor Code §§ 201, 202, 203, 204, 221, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, 2802 and any other provisions that may be brought upon the allegations in this complaint. PLAINTIFF is also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

71.     Pursuant to California Labor Code § 2699.3, PLAINTIFF gave written notice by online filing with the California Labor and Workforce Development Agency ("LWDA") and by certified mail to DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Orders PLAINTIFF alleges DEFENDANTS have been violated along with the facts and theories supporting the alleged violations. PLAINTIFF'S notice to the LWDA was accompanied by PLAINTIFF'S payment of $75.00 filing fee. Because the LWDA did not provide PLAINTIFF with notice of its intent to investigate the alleged violations in the 65 calendar days that have lapsed, PLAINTIFF have complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action against DEFENDANTS on behalf of himself and other similarly aggrieved employees of DEFENDANT. Therefore, PLAINTIFF have complied with all of the requirements set forth in California Labor Code

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CA 90266

- 14 -

CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT

26

1 | § 2699.3 to commence a representative action under PAGA.

2 | **PRAYER FOR RELIEF**

3 | **WHEREFORE**, PLAINTIFF, individually, and on behalf of all other persons similarly situated

4 | and aggrieved, respectfully prays for relief against DEFENDANT and DOES 1 through 50, inclusive, and

5 | each of them, as follows:

6 | 1. For compensatory damages in an amount to be ascertained at trial;

7 | 2. For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as

8 | disgorged profits from the unfair and unlawful business practices of DEFENDANT;

9 | 3. For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC

10 | Wage Order No. 1-2001;

11 | 4. For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

12 | 5. For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating

13 | the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the

14 | unlawful business practices complained of herein;

15 | 6. For waiting time penalties pursuant to California Labor Code § 203;

16 | 7. For statutory and civil penalties according to proof, including, but not limited to, all

17 | penalties authorized by the California Labor Code §§ 226(e) and 2699;

18 | 8. For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§

19 | 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing

20 | for pre-judgment interest;

21 | 9. For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699,

22 | 2802, California Civil Code § 1021.5, and/or any other applicable provisions providing for attorneys' fees

23 | and costs;

24 | 10. For declaratory relief;

25 | 11. For an order certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth,

26 | Ninth, and Tenth Causes of Action as a class action;

27 | 12. For an order appointing PLAINTIFF as a class representative and PLAINTIFF'S counsel

28 | as class counsel; and

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CA 90266

- 15 -

CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT

1      13.    For such further relief that the Court may deem just and proper.

2  DATED: February 27, 2020                    Respectfully Submitted,

3

4                                              **MATERN LAW GROUP, PC**

5

6                              By: _____

7                                  MATTHEW J. MATERN
                                   JOSHUA D. BOXER
                                   SARA B. TOSDAL

8
                                   Attorneys for Plaintiff DAVID RADCLIFF
9                                  individually and on behalf of others similarly
                                   situated and aggrieved

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CA 90266

- 16 -
CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT
28

1

### **DEMAND FOR JURY TRIAL**

2        PLAINTIFF hereby demands a jury trial with respect to all issues triable by jury as of right.

3    DATED: February 27, 2020                    Respectfully Submitted,

4

5                                            **MATERN LAW GROUP, PC**

6

7                         By: _____

8                             MATTHEW J. MATERN
                             JOSHUA D. BOXER
                             SARA B. TOSDAL

9

10                            Attorneys for Plaintiff DAVID RADCLIFF
                             individually and on behalf of others similarly
                             situated and aggrieved

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CA 90266

- 17 -
CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT