# EXHIBIT E

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
DAVID B. CHIDLAW, Cal. Bar No. 144681
dchidlaw@sheppardmullin.com
DANIEL F. DE LA CRUZ, Cal. Bar No. 292537
ddelacruz@sheppardmullin.com
501 West Broadway, 19th Floor
San Diego, CA 92101-3598
Telephone:    619.338.6500
Facsimile:    619.234.3815

DANIEL J. McQUEEN, Cal. Bar No. 217498
dmcqueen@sheppardmullin.com
DAVID A. ALVAREZ, Cal. Bar No. 322976
dalvarez@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:    213.620.1780
Facsimile:    213.620.1398

Attorneys for SAN DIEGO GAS & ELECTRIC
COMPANY and SEMPRA ENERGY

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

08/07/2020 at 01:52:00 PM

Clerk of the Superior Court
By Regina Chanez,Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| DAVID RADCLIFF individually and on behalf of others similarly situated and aggrieved,<br><br>          Plaintiffs,<br><br>     v.<br><br>SAN DIEGO GAS & ELECTRIC COMPANY, a California Corporation; SEMPRA ENERGY, a California Corporation; and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No. 37-2020-00010919-CU-OE-CTL<br>Assigned to:<br><br>**DEFENDANTS SAN DIEGO GAS & ELECTRIC COMPANY AND SEMPRA ENERGY'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed: February 27, 2020<br>Trial Date: None |

Defendants San Diego Gas & Electric Company and Sempra Energy hereby answer

Plaintiff David Radcliff's unverified Complaint as follows:

-1-

**GENERAL DENIAL**

Pursuant to Code of Civil Procedure section 431.30(d), Defendants generally deny each and every allegation of Plaintiff's unverified Complaint.  Defendants further deny, generally and specifically, that Plaintiff, or any member of the putative class, has been damaged in the amount alleged, or in any other sum, or at all, by reason of any act, omission to act, conduct or liability on the part of Defendants, or on the part of any of Defendants' agents, servants, employees, representatives or any other person or entity for whose acts Defendants are responsible.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Cause of Action)

1.      The Complaint, and each and every purported cause of action alleged therein, fail to state facts sufficient to constitute a cause of action against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

(Statute of Limitations)

2.      The Complaint, and each purported cause of action alleged therein, are barred by applicable statutes of limitations, including but not limited to Code of Civil Procedure Sections 337, 338, 339, 340, and 343; Business and Professions Code Section 17208; and Labor Code Section 2699, *et seq*.

**THIRD AFFIRMATIVE DEFENSE**

(Failure to Exhaust Administrative Remedies)

3.      The Complaint, and each purported cause of action alleged therein, are barred because Plaintiff failed to exhaust his administrative remedies before filing suit.

-2-

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4.      Defendants are informed and believe, and based upon such information and belief allege, that the Complaint, and each and every claim therein, are barred by the doctrine of laches, in that Plaintiff unreasonably delayed in bringing the action.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5.      Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff's claims are barred for the reason that, by his actions, Plaintiff is estopped from bringing any cause of action.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

6.      Defendants are informed and believe, and based upon such information and belief allege, that by his conduct, Plaintiff has waived some or all of the causes of action asserted in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Consent)

7.      Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff's claims against Defendants are barred, in whole or in part, because any alleged actions made by Defendants were consented to by Plaintiff.

1                  **EIGHTH AFFIRMATIVE DEFENSE**

2                       (Lack of Standing)

3         8.      Defendants are informed and believe, and based upon such information and belief

4  allege, that Plaintiff lacks standing to assert the Complaint or any purported cause of action

5  alleged therein.

6

7                  **NINTH AFFIRMATIVE DEFENSE**

8            (Civil Penalties Unconstitutional – Due Process)

9         9.      The penalties sought in Plaintiff's Complaint violate the Due Process Clauses of

10  the United States and California Constitutions.

11

12                  **TENTH AFFIRMATIVE DEFENSE**

13           (Civil Penalties Unconstitutional – Excessive Fines)

14         10.     The penalties sought in Plaintiff's Complaint violate the Excessive Fines Clauses of

15  the United States and California Constitutions.

16

17                **ELEVENTH AFFIRMATIVE DEFENSE**

18                (*De Minimis* Activities)

19         11.     Time that Plaintiff or the putative class members worked for which they were not

20  compensated, if any, was *de minimis* and therefore not compensable.

21

22                **TWELFTH AFFIRMATIVE DEFENSE**

23          (Failure to Comply With Employer Instructions)

24         12.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to

25  comply with all the directions of his employer concerning the services for which he was engaged.

26  (Lab. Code § 2856).

27

28

SMRH:4812-6158-9700.1                **42**                   DEFENDANTS' ANSWER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Set-Off/Offset/Recoupment)

13.      The Complaint, and each and every purported cause of action alleged therein, are subject to setoff, offset and/or recoupment to the extent that Plaintiff or the putative class members and/or allegedly aggrieved employees have already been compensated for the hours worked for which they seek compensation.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(No Willful Violation)

14.      Plaintiff's claims, or parts thereof, are barred because Plaintiff is not entitled to any penalty award under section 203 of the Labor Code since, at all times relevant and material herein, Defendants did not knowingly and intentionally fail to comply with the compensation provisions of Labor Code sections 200 *et seq.*, but rather acted in good faith and had reasonable grounds for believing that it did not violate the provisions of the Labor Code or the applicable Industrial Welfare Commission Wage Order.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Labor Management Relations Act Preemption)

15.      Some or all of Plaintiff's and/or the putative class members' claims are barred and/or preempted by the Labor Management Relations Act.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(National Labor Relations Act Preemption)

16.      Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff's Complaint and some or all of the causes of action contained therein are preempted by the National Labor Relations Act, which vests jurisdiction over some or all of the causes of action with the National Labor Relations Board.

-5-

1

**SEVENTEENTH AFFIRMATIVE DEFENSE**

2

(Failure to Exhaust Under Collective Bargaining Agreement)

3  17. The Complaint and each cause of action therein are barred because Plaintiff has

4

failed to exhaust the contractual remedies and internal grievance procedures set forth in the

5

applicable collective bargaining agreements.

6

7

**EIGHTEENTH AFFIRMATIVE DEFENSE**

8

(Failure to Arbitrate)

9  18. The Complaint and each cause of action therein are barred because the

10

controversies alleged in the Complaint and in each cause of action therein are subject to one or

11

more written agreements to arbitrate.

12

13

**NINETEENTH AFFIRMATIVE DEFENSE**

14

(Misrepresentation)

15  19. Plaintiff's claims are barred, in whole or in part, because in doing the things alleged

16

in the Complaint, Defendants acted in reliance on misrepresentations by Plaintiff and the putative

17

class members, including but not limited to misrepresentations regarding meal breaks, rest breaks,

18

and hours worked.

19

20

**TWENTIETH AFFIRMATIVE DEFENSE**

21

(Detrimental Reliance)

22  20. Plaintiff and/or members of the putative class are barred from recovering any relief

23

on the Complaint or any purported cause of action alleged therein because Defendants relied on

24

representations made by Plaintiff and/or members of the putative class in taking actions alleged in

25

the Complaint and/or Defendants took such actions, if any, because Plaintiff and/or members of

26

the putative class failed to notify Defendants of necessary information and/or deliberately

27

prevented Defendants from acquiring knowledge of such information.

28

-6-

1          **TWENTY-FIRST AFFIRMATIVE DEFENSE**

2                 (Overtime Exemption)

3        21.      Plaintiff and/or members of the putative class are barred from recovering any relief

4 on the Complaint or any purported cause of action alleged therein because Defendants relied on a

5 lawful overtime exemption, including but not limited to those set forth in Labor Code sections 511

6 and/or 514.

7

8         **TWENTY-SECOND AFFIRMATIVE DEFENSE**

9              (Meal Period Exemption)

10        22.      Plaintiff and/or members of the putative class are barred from recovering any relief

11 on the Complaint or any purported cause of action alleged therein because Defendants relied on a

12 lawful meal period exemption, including but not limited to that set forth in Labor Code section

13 512.

14

15        **RESERVATION OF RIGHT TO AMEND ANSWER**

16       Defendants hereby give notice that they intend to rely on such other and further defenses as

17 may become available during discovery in this action and reserve the right to amend their General

18 Denial and Affirmative Defenses to assert any such defense.

19

20               **REQUEST FOR RELIEF**

21       WHEREFORE, Defendants pray for judgment as follows:

22      1.      That Plaintiff be granted no relief in this action against Defendants;

23      2.      That judgment be rendered in favor of Defendants and against Plaintiff on each and

24 every cause of action alleged in the Complaint;

25      3.      That Defendants recover its reasonable attorneys' fees incurred herein, pursuant to

26 Labor Code section 218.5, and any other applicable law; and

27      4.      For such other and further relief as this Court deems just and proper.

28

-7-

1   Dated:  August 7, 2020

2

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____

3

4                                DAVID B. CHIDLAW
DANIEL J. McQUEEN

5                                DANIEL F. DE LA CRUZ
DAVID A. ALVAREZ

6

7

Attorneys for SAN DIEGO GAS & ELECTRIC
COMPANY and SEMPRA ENERGY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

<u>PROOF OF SERVICE</u>

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On August 7, 2020, I served true copies of the following document(s) described as **DEFENDANTS SAN DIEGO GAS & ELECTRIC COMPANY AND SEMPRA ENERGY'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

**BY ELECTRONIC SERVICE:** I served the document(s) on the person listed in the Service List by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 7, 2020, at Los Angeles, California.

ANDREA KENDALL

-9-

SMRH:4812-6158-9700.1                    47                    DEFENDANTS' ANSWER

1

## SERVICE LIST

2

3

4    Matthew J. Matern, Esq.                    Attorneys for Plaintiff,
     Joshua D. Boxer (SBN 226712)               DAVID RADCLIFF
5    MATERN LAW GROUP, PC
     1230 Rosecrans Avenue, Suite 200
6    Manhattan Beach, California 90266
     Tel: (310) 531-1900
7    Fax: (310) 531-1901
     Email:
8
     Sara B. Tosdal, Esq.
9    MATERN LAW GROUP, PC
     1330 Broadway, Suite 428
10   Oakland, California 94612
     Tel: (510) 227-3998
11   Fax: (310) 531-1901

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4812-6158-9700.1                    48                    DEFENDANTS' ANSWER