1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2    Including Professional Corporations
  DAVID B. CHIDLAW, Cal. Bar No. 144681
3  dchidlaw@sheppardmullin.com
  DANIEL F. DE LA CRUZ, Cal. Bar No. 292537
4  ddelacruz@sheppardmullin.com
  501 West Broadway, 19th Floor
5  San Diego, CA 92101-3598
  Telephone:  619.338.6500
6  Facsimile:  619.234.3815

7  DANIEL J. McQUEEN, Cal. Bar No. 217498
  dmcqueen@sheppardmullin.com
8  DAVID A. ALVAREZ, Cal. Bar No. 322976
  dalvarez@sheppardmullin.com
9  333 South Hope Street, 43rd Floor
  Los Angeles, California 90071-1422
10 Telephone:  213.620.1780
  Facsimile:  213.620.1398

11

12 Attorneys for Defendants SAN DIEGO
  GAS & ELECTRIC COMPANY and
  SEMPRA ENERGY

13

14           UNITED STATES DISTRICT COURT

15          SOUTHERN DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| 17 DAVID RADCLIFF individually and on behalf of others similarly situated and aggrieved, | Case No. 3:20-cv-01555-H-MSB<br>The Hon. Marilyn L. Huff |
| 18 | |
| 19        Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION, STRIKE PLAINTIFF'S CLASS CLAIMS AND STAY ACTION** |
| 20      v. | |
| 21 SAN DIEGO GAS & ELECTRIC COMPANY, a California Corporation; SEMPRA ENERGY, a California Corporation; and DOES 1 through 50, inclusive, | *[Filed concurrently with Declarations of David A. Alvarez and James Boland; and [Proposed[] Order]* |
| 22 | |
| 23 | Date:     November 2, 2020 |
| 24      Defendants. | Time:    10:30<br>Dept:   TBD |
| 25 | Trial Date:     None Set |

26

27

28

-1-

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on November 2, 2020 at 10:30 a.m., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Marilyn L. Huff for the Southern District of California, 333 West Broadway, San Diego, CA 92101, Defendants San Diego Gas & Electric Company and Sempra Energy will, and hereby do, seek an order from this Court compelling arbitration and staying this action on the grounds that there is a valid, written arbitration agreement between the parties.  This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declarations of David A. Alvarez and James Boland, and all of the pleadings, papers, and records on file herein, any oral argument that may be presented at the hearing, and upon such other matters as this Court may consider.  This motion is made following meet and confer efforts pursuant to Local Rule 7-3.

## RELIEF SOUGHT

Defendant respectfully requests that this Court issue an order compelling arbitration on an individual basis, with the exception of his PAGA claim, which should be stayed pending the completion of arbitration.

1 | Dated:  September 25, 2020

2

3 SHEPPARD, MULLIN, RICHTER & HAMPTON
LLP

4

5 By

6 DAVID B. CHIDLAW

7 DANIEL J. McQUEEN
DANIEL F. DE LA CRUZ

8 DAVID A. ALVAREZ

9 Attorneys for SAN DIEGO GAS &

10 ELECTRIC COMPANY and SEMPRA
ENERGY

*/s/ David A. Alvarez*

-3-

NOTICE OF MOTION & MOTION
TO COMPEL ARBITRATION

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................8

II. FACTUAL BACKGROUND ..................................................................9

III. ARGUMENT.......................................................................................10

    A. Federal Law Requires Enforcement Of The Arbitration Agreements Executed By Plaintiff ......................................................10

        1. Defendants Are Engaged In Interstate Commerce....................11

        2. Plaintiff's Claims Are Within The Scope Of The Agreements..................................................................................12

    B. As An Alleged Agent, Sempra Energy Can Enforce The Arbitration Agreement Between Plaintiff And SDG&E.....................14

    C. Plaintiff's Claims Must Be Arbitrated On An Individual Basis...........16

    D. This Action Should Be Stayed Pending The Outcome Of Arbitration ........................................................................................17

IV. CONCLUSION ...................................................................................18

SMRH:4818-0030-2277.1

NOTICE OF MOTION & MOTION
TO COMPEL ARBITRATION

1

## TABLE OF AUTHORITIES

2

Page(s)

3

<u>Cases</u>

4

*24 Hour Fitness, Inc. v. Superior Court*
    66 Cal.App.4th 1199 (1998)..................................................................15

5

6

*Allied-Bruce Terminix Cos. v. Dobson*
    513 U.S. 265 (1995)...........................................................................11

7

8

*Arthur Andersen LLP v. Carlisle*
    556 U.S. 624 (2009)...........................................................................15

9

10

*AT&T Technologies, Inc. v. Communications Workers of America*
    475 U.S. 643 (1986)......................................................................12, 14

11

12

*Berman v. Dean Witter & Co., Inc.*
    44 Cal.App.3d 999 (1975)....................................................................15

13

14

*Bernhardt v. Polygraphic Co. of America*
    350 U.S. 198 (1956)...........................................................................11

15

16

*Collins Aikman Products Co. v. Building Systems, Inc.*
    58 F.3d 16 (2d. Cir. 1995)...................................................................13

17

18

*Dryer v. Los Angeles Rams*
    40 Cal.3d 406 (1985) .........................................................................15

19

20

*Epic Systems Corporation v. Lewis*
    138 S. Ct. 1612 (2018)........................................................................11

21

*First Options of Chicago, Inc. v. Kaplan*
    514 U.S. 938 (1995).......................................................................12, 14

22

23

*Fleet Tire Serv. of North Little Rock v. Oliver Rubber Co.*
    118 F.3d 619 (8th Cir. 1997)............................................................12, 13

24

25

*Garcia v. Pexco, LLC*
    11 Cal.App.5th 782 (2017)...................................................................15

26

27

*Iskanian v. CLS Transportation Los Angeles, LLC*
    59 Cal.4th 348 (2014) ........................................................................18

28

*J.J. Ryan Sons, Inc. v. Rhone Poulenc Textile, S.A.*
    863 F.2d 315 (4th Cir. 1988) ................................................................13

*Lamps Plus v. Varela*
    139 S.Ct. 1407 (2019) .........................................................................17

*Midwest Mech. Contractors, Inc. v. Commonwealth Const. Co.*
    801 F.2d 748 (5th Cir. 1986) ................................................................17

*Moses H. Cone Mem'l Hosp.*
    460 U.S. at 24-25 ................................................................................12

*Nat'l Fed'n of Indep. Bus. v. Sebelius*
    132 S.Ct. 2566 (2012) .........................................................................11

*Pacific Invest. Co. v. Townsend*
    58 Cal.App.3d 1 (1976) .......................................................................12

*Rebolledo v. Tilly's, Inc.*
    228 Cal.App.4th 900 (2014) .................................................................12

*RN Solution, Inc. v. Catholic Healthcare West*
    165 Cal.App.4th 1511 (2008) ...............................................................15

*Shepard v. Edward MacKay Enters., Inc.*
    148 Cal.App.4th 1092 (2007) ...............................................................11

*Shivkov v. Artex Risk Solutions*
    Case. No. 19-16746 (9th Cir. Sept. 9, 2020), slip op. ..........................16

*Simula, Inc. v. Autoliv, Inc.*
    175 F.3d 716 (9th Cir. 1999) ................................................................13

*Stolt-Nielsen S.A., et al. v. Animalfeeds Int'l Corp.*
    559 U.S. 662 (2010) .............................................................................16

*Thomas v. Westlake*
    204 Cal.App.4th 605 (2012) .................................................................15

*U.S. for Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd.*
    750 F.2d 1422 (9th Cir. 1985) ..............................................................17

Statutes

9 U.S.C. § 2 .............................................................................................11

-6-

NOTICE OF MOTION & MOTION
TO COMPEL ARBITRATION

9 U.S.C. § 3 ....................................................................17

Private Attorneys General Act of 2004 ................................................10

SMRH:4818-0030-2277.1

NOTICE OF MOTION & MOTION
TO COMPEL ARBITRATION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

On February 27, 2020, Plaintiff David Radcliff, a current employee of Defendant San Diego Gas & Electric Company ("SDG&E"), filed a proposed class action complaint alleging various employment-related claims under the California Labor Code and the California Business and Professions Code.  Plaintiff seeks to represent a class of all current and former non-exempt employees of Defendants SDG&E and Sempra Energy who are or were employed in the State of California from February 27, 2016, through the present.

On September 1, 2006, Plaintiff signed his employment offer letter.  In pertinent part, it states:  "I … understand and agree that any dispute regarding any aspect of this letter or any action that allegedly violates any provision of this agreement, including any action with respect to termination of employment (an 'arbitrable dispute'), will be submitted to arbitration…."  Declaration of James Boland, ¶ 3, Exh. A.

On September 20, 2006, Plaintiff signed his employment agreement.  In pertinent part, it states:  "Any dispute regarding any aspect of this Agreement … will be submitted to arbitration in San Diego, California, before an experienced employment arbitrator licensed to practice law in California and selected in accordance with the rules of the American Arbitration Association, as the exclusive remedy for such claim or dispute."  (Boland Decl., ¶ 4, Exh. B.)

All of Plaintiff's claims relate to his employment (or the alleged termination of employment) and, thus, fall within the scope of his arbitration agreements.  Further, with the exception of his PAGA cause of action, all of Plaintiff's claims are arbitrable disputes.

As such, the Court can and should order Plaintiff's claims to arbitration on an individual basis, with the exception of his PAGA claim, which should be stayed pending the completion of arbitration.

## II.  <u>FACTUAL BACKGROUND</u>

Plaintiff is a current employee of SDG&E.  Boland Decl., ¶ 3.  On September 1, 2006, Plaintiff signed an employment offer letter containing the following provision:

> Any dispute regarding any aspect of this letter of agreement or any action that allegedly violates any provision of the agreement, including any action with respect to termination of employment (an "arbitrable dispute"), will be submitted to arbitration either in San Diego, California or Los Angeles, California.  Arbitration will take place before an experienced employment arbitrator licensed to practice law in the state and selected in accordance with the Model Employment Arbitration Procedures of the American Arbitration Association.  Arbitration shall be the exclusive remedy for any arbitrable dispute.

*Id.*, Exh. A.  The last page of the letter contained an "ACCEPTANCE OF OFFER AGREEMENT."  This page contained a reiteration of the Arbitration Agreement wherein Plaintiff acknowledged by his signature:

> I further understand and agree that any dispute regarding any aspect of this letter of agreement or any action that allegedly violates any provision of this agreement, including any action with respect to termination of employment (an "arbitrable dispute"), will be submitted to arbitration either in San Diego, California or Los Angeles, California.

*Id.*

On September 20, 2006, Plaintiff signed his "Employment, Confidential Information and Invention Assignment Agreement," which reads in relevant part as follows:

> **Arbitration.**  Any dispute regarding any aspect of this Agreement or any act which allegedly has or would violate any provision of this Agreement ("arbitratable dispute") will be submitted to arbitration in San Diego, California, before an experienced employment arbitrator licensed to practice law in California and selected in accordance with the rules of the American Arbitration Association, as the exclusive remedy for such claim or dispute.  Any equitable or provisional remedy that would be available from a court of law shall be available from the arbitrator to the parties to this agreement pending arbitration or as a result of arbitration.

Boland Decl., ¶ 4, Exh. B.

-9-

Despite these agreements to arbitrate, on February 27, 2020, Plaintiff filed his proposed class action complaint in California Superior Court, County of San Diego. Complaint, Docket No. 1, Exh. A.  The Complaint alleges causes of action for:  (1) Failure to pay minimum wages; (2) Failure to pay overtime; (3) Failure to provide meal periods; (4) Failure to provide rest periods; (5) Failure to indemnify employees for necessary expenditures incurred in discharge of duties; (6) Failure to maintain required records; (7) Failure to furnish accurate itemized wage statements; (8) Failure to timely pay wages during employment; (9) Failure to pay all wages due to discharged and quitting employees; (10) Unfair and unlawful business practices; and (11) Enforcement action pursuant to the Private Attorneys General Act of 2004.  *Id.*

On August 11, 2020, Defendants removed this action to the United States District Court for the Southern District of California.  Declaration of David A. Alvarez, ¶ 2.

On September 14, 2020, counsel for Defendants met and conferred with Plaintiff's counsel concerning the arbitration agreement and requested that Plaintiff agree to arbitrate his claims on a single-party basis.  Alvarez Decl., ¶ 3, Exh. A.  On September 25, 2020, Plaintiff's counsel informed defense counsel that Plaintiff would not agree to arbitrate his claims on a single-party basis.  *Id.*

Other than this motion and Defendants' removal, neither party has filed any motions in this action.  Alvarez Decl., ¶ 2.  Though Defendants have answered the complaint, neither the Superior Court nor this Court have considered any issue relating to the merits of Plaintiff's claims.  *Id.*  Neither party has served any written discovery or noticed any depositions.  *Id.*

## III.  ARGUMENT

**A.    Federal Law Requires Enforcement Of The Arbitration Agreements Executed By Plaintiff**

The FAA codifies the strong federal policy in favor of enforcing arbitration agreements and compels the enforcement of an arbitration agreement if it

-10-

"evidenc[es] a transaction involving commerce." 9 U.S.C. § 2. As the Supreme Court has explained, the FAA "requires courts to enforce agreements to arbitrate, including the terms of arbitration the parties select." *Epic Systems Corporation v. Lewis*,138 S. Ct. 1612, 1616 (2018).

**1.    Defendants Are Engaged In Interstate Commerce**

Section 2 of the FAA "makes 'valid, irrevocable, and enforceable' [contracts] involving commerce." *Bernhardt v. Polygraphic Co. of America*, 350 U.S. 198, 200 (1956). The term "commerce," as used in section 2 of the FAA, invokes a "full exercise of constitutional power" and "signals an intent to exercise Congress' commerce power to the full." *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 277 (1995). Congress' power over interstate commerce "is not confined to the regulation of commerce among the states, but extends to activities that have a substantial effect on interstate commerce" and further "extends to activities that do so only when aggregated with similar activities of others." *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S.Ct. 2566, 2585-86 (2012).

A business is involved in interstate commerce when, for example, it is engaged in multistate operations and it receives equipment and supplies from out of state. *See, e.g., Terminix*, 513 U.S. at 282 (finding the arbitration agreement involved interstate commerce due to "the multistate nature" of the parties' business and the materials used to carry out the agreement were shipped out of state); *Shepard v. Edward MacKay Enters., Inc.*, 148 Cal.App.4th 1092, 1101 (2007) (evidence that "the construction of plaintiff's house involved the receipt and use of building materials that were manufactured and/or produced outside California" was sufficient to establish that the FAA applied to the parties' arbitration agreement).

Here, both Defendants Sempra Energy and SDG&E are engaged in interstate commerce. Sempra Energy is a multistate energy infrastructure company that operates in California and Texas. Boland Decl. ¶ 2. SDG&E is a subsidiary of Sempra Energy, based in San Diego that routinely engages in interstate commerce

-11-

through its purchases of goods and supplies from outside of California.  *Id.*  For example, SDG&E has power purchase agreements to purchase renewable energy from Montana and Arizona.  *Id.*  Accordingly, the interstate commerce requirement is satisfied and the FAA applies.

**2.     Plaintiff's Claims Are Within The Scope Of The Agreements**

When determining whether an arbitration agreement applies to a particular dispute, the court will look to the words of the agreement itself.  *Rebolledo v. Tilly's, Inc.*, 228 Cal.App.4th 900, 905 (2014).  The Supreme Court has directed that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25.  The general rule is that arbitration will be ordered "unless it can be said with assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."  *Pacific Invest. Co. v. Townsend*, 58 Cal.App.3d 1, 9 (1976).

This is particularly true when the agreement's language is "broadly-worded," in which case "only the most forceful evidence of purpose to exclude the claim from arbitration can prevail."  *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 650 (1986).

For instance, in *Fleet Tire Serv. of North Little Rock v. Oliver Rubber Co.*, 118 F.3d 619, 620 (8th Cir. 1997), the parties – "Fleet" and "Oliver" – entered into a contract in 1990 requiring them to arbitrate "any controversy or claim arising out of or relating to this Agreement."  Thereafter, in 1995, the parties executed another agreement.  *Id.*  Fleet subsequently filed a lawsuit against Oliver claiming a breach of the 1995 contract.  In response, Oliver moved to compel arbitration under the 1990 agreement.  Finding the dispute only related to the 1995 agreement and, thus, did not implicate the 1990 agreement's arbitration clause, the trial court denied the motion.  *Id.*

On appeal, the court soundly disagreed. It explained that "broadly-worded" arbitration provisions, as a rule, apply not only to claims for breach of the agreement that contains the arbitration clause, they also apply to all "collateral disputes" at issue. *Id*. at 621. The court then looked to the particular language before it; that is, a requirement to arbitrate "any controversy or claim arising out of or relating to this Agreement." *Id.* The court had no trouble finding that:

> [A]s a matter of law, the arbitration clause in the 1990 Agreement is broad. The clause provides that arbitration is the exclusive remedy available to the parties to settle controversies or claims that not only arise from the 1990 Agreement but also those "relating to" the contract…. Such a provision constitutes the broadest language the parties could reasonably use to subject their disputes to that form of settlement, including collateral disputes that relate to the agreement containing the clause.

*Id*. As such, the court overturned the decision of the trial court and ordered arbitration. *See also Collins Aikman Products Co. v. Building Systems, Inc.*, 58 F.3d 16, 20 (2d. Cir. 1995) ("The clause in this case, submitting to arbitration '[a]ny claim or controversy arising out of or relating to th[e] agreement,' is the paradigm of a broad clause."); *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 720 (9th Cir. 1999) (arbitration clause reading "All disputes arising in connection with this Agreement" should be "expansively interpreted" to permit arbitration of all claims between the parties to the agreement); *J.J. Ryan Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315, 321 (4th Cir. 1988) (an arbitration agreement providing that "[a]ll disputes arising in connection with the present contract shall be finally settled" by arbitration was sufficiently broad in scope to include claims for unfair trade practices, libel, and defamation; the court reasoned that the "clause does not limit arbitration to the literal interpretation or performance of the contract. It embraces every dispute between the parties having a significant relationship to the contract regardless of the label attached to the dispute.")

-13-

1        The arbitration agreements signed by Plaintiff are similarly broadly-worded.

2    They, respectively, require him to submit to arbitration "any dispute regarding any

3    aspect of this letter of agreement or any action that allegedly violates any provision

4    of this agreement, including any action with respect to termination of employment"

5    and "Any dispute regarding any aspect of this Agreement or any act which allegedly

6    has or would violate any provision of this Agreement."  Boland Decl., ¶ 3-4, Exhs.

7    A-B.  Plaintiff's arbitration agreements are contained in his employment offer letter

8    and in his employment agreement.  Each of Plaintiff's legal claims relate to his

9    employment or the alleged termination of his employment.  Thus, Plaintiff's claims

10   easily fall within the scope of the arbitration agreements.

11       Indeed, given the broad nature of the arbitration provisions he executed,

12   Plaintiff can only overcome the strong presumption in favor of arbitrability by

13   presenting the "most forceful evidence" that the parties did *not* intend to arbitrate his

14   specific claims.  *AT&T Technologies, Inc*, 475 U.S. at 650.  Further, even if there

15   were doubts that the agreements here cover the claims at issue, any such doubts

16   must "be resolved in favor of arbitration."  *First Options of Chicago*, 514 U.S. at

17   944.  Here, there is no evidence suggesting the parties did not agree to arbitrate

18   employment-related disputes.  Moreover, there is no doubt that Plaintiff's

19   agreements cover the present claims.  Accordingly, the Court should compel

20   Plaintiff to arbitration.

21   **B.**     **As An Alleged Agent, Sempra Energy Can Enforce The Arbitration**

22           **Agreement Between Plaintiff And SDG&E**

23       Plaintiff was employed by SDG&E, not Sempra Energy.  Boland Decl., ¶ 3.

24   Thus, Plaintiff may contend his claims against Sempra cannot be compelled to

25   arbitration because he has no agreement to arbitrate with Sempra.  Any such

26   argument must fail.  Under the FAA, a nonsignatory to an arbitration agreement may

27   enforce it if doing so is permitted under the relevant state's contract law principles.

28   *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 632 (2009).  In California, an actual

-14-

or alleged agent of the signatory to an arbitration agreement may enforce an agreement to arbitrate.  Thus, California courts routinely compel arbitration of claims against nonsignatory agents.  *See, e.g., Dryer v. Los Angeles Rams*, 40 Cal.3d 406, 418 (1985); *RN Solution, Inc. v. Catholic Healthcare West*, 165 Cal.App.4th 1511, 1520 (2008); *24 Hour Fitness, Inc. v. Superior Court*, 66 Cal.App.4th 1199, 1210 (1998).

For instance, in *Thomas v. Westlake*, 204 Cal.App.4th 605, 614 (2012), nonsignatory defendants successfully compelled arbitration where the complaint alleged the defendants acted as the "actual or ostensible" agents of each other "in connection with the actions and omissions alleged."  The court reasoned, "[h]aving alleged all defendants acted as agents of one another, [the plaintiff] is bound by the legal consequences of his allegations."  *Id.*; *see also Garcia v. Pexco, LLC*, 11 Cal.App.5th 782, 788 (2017) (allowing nonsignatory to enforce arbitration agreement where "the operative complaint alleged [the signatory] and [the nonsignatory] were acting as agents of one another and every cause of action alleged identical claims against 'All Defendants' without any distinction"); *Dryer*, 40 Cal.3d at 418 ("If, as the complaint alleges, the individual defendants, though not signatories, were acting as agents for the Rams, then they are entitled to the benefit of the arbitration provisions."); *Berman v. Dean Witter & Co., Inc.*, 44 Cal.App.3d 999, 1004 (1975)  (same).

Here, just as in *Thomas*, *Dryer*, *Garcia*, and *Berman*, Plaintiff clearly alleges that Sempra Energy acted as SDG&E's agent, stating:

> PLAINTIFF is informed and believes, and thereon alleges, that at all times relevant hereto, DEFENDANTS [earlier defined as SDG&E and Sempra Energy] were the joint employers, alter egos, divisions, affiliates, integrated enterprises, subsidiaries, parents, principals, sisters, relates entities, co-conspirators, agents, partners, joint ventures, servants, joint enterprisers, and/or guarantors, actual or ostensible, of each other.  PLAINTIFF is informed and believes, and thereon alleges, that each of the DEFENDANTS was completely

-15-

> dominated by his, her, or its co-defendant and had authority, actual or ostensible, to perform the actions alleged herein, unless alleged otherwise.

Complaint at ¶ 11, Docket No. 1, Exh. A.  Further, Plaintiff asserts each of his 11 causes of action against "all DEFENDANTS" without any distinction.  *Id.*  Sempra Energy, therefore, has standing to enforce the arbitration agreement and Plaintiff must arbitrate his asserted claims against it as well as against SDG&E.

## C.  <u>Plaintiff's Claims Must Be Arbitrated On An Individual Basis</u>

Under the FAA, the parties to an arbitration agreement may specify the issues they choose to arbitrate, may agree on a set of procedural rules to use during the arbitration, and – quite importantly in relation to this matter – may limit with whom they choose to arbitrate their disputes.  *Stolt-Nielsen S.A., et al. v. Animalfeeds Int'l Corp.*, 559 U.S. 662, 664 (2010).

Accordingly, "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so."  *Stolt-Nielsen*, 559 U.S. at 684 (emphasis in original).  The Ninth Circuit recently confirmed in *Shivkov v. Artex Risk Solutions*, Case. No. 19-16746 (9th Cir. Sept. 9, 2020), slip op. at p. 8, "that the availability of class arbitration is a gateway issue that a court must presumptively decide."  Thus, the question of whether the parties' agreements here permit the use of class procedures in arbitration is properly before this Court.  These agreements do not permit such procedures.

In *Stolt-Nielsen*, the Supreme Court held that arbitration agreements that are "silent" as to whether class proceedings are permitted cannot be interpreted as allowing them in the arbitral forum.  *Id.* at 684; *see also Shivkov*, slip op. at pp. 32-33 ("As the district court concluded, because the Agreements are silent on class arbitration, they do not permit it.").  Then, in *Lamps Plus v. Varela*, 139 S.Ct. 1407, 1419 (2019), the Court held "[c]ourts may not infer from an ambiguous agreement that parties have consented to arbitrate on a classwide basis."  The Court explained

1   that, "Like silence, ambiguity does not provide a sufficient basis to conclude that

2   parties to an arbitration agreement agreed to 'sacrifice[ ] the principal advantage of

3   arbitration.'"  *Id.* at 1416.  Instead, only an agreement that affirmatively and

4   explicitly provides for class arbitration can permit the use of such procedures.

5       Here, the parties' arbitration agreements are silent (or, at the very most,

6   ambiguous) as to whether class proceedings are allowed in arbitration.  Thus, there

7   is no contractual basis to conclude the parties intended to arbitrate their disputes on

8   a classwide basis.  Under controlling U.S. Supreme Court authority, the Court

9   should therefore compel arbitration on an individual, non-class basis.

10  **D.**   **This Action Should Be Stayed Pending The Outcome Of Arbitration**

11      Under the FAA, when there exists "any issue referable to arbitration under an

12  agreement in writing for such arbitration, the court in which such suit is pending,

13  upon being satisfied that the issue involved in such suit or proceeding is referable to

14  arbitration under such an agreement, shall on application of one of the parties stay

15  the trial of the action until such arbitration has been had in accordance with the

16  terms of the agreement."  9 U.S.C. § 3.  This provision is mandatory:  "If the issues

17  in a case are within the reach of the agreement, the [] court has no discretion under

18  section 3 to deny the stay."  *Midwest Mech. Contractors, Inc. v. Commonwealth*

19  *Const. Co.*, 801 F.2d 748, 751 (5th Cir. 1986).

20      Further, when an action sought to be stayed contains both arbitrable and non-

21  arbitrable claims, such as this one, the Court has discretion to stay litigation of *all*

22  claims pending the outcome of the arbitration.  *U.S. for Use & Benefit of Newton v.*

23  *Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1427 (9th Cir. 1985) (holding that

24  considerations of economy and efficiency fully support the decision to stay non-

25  arbitrable claims.)

26      Defendants recognize that Plaintiff's PAGA claim is not arbitrable under

27  current law.  *See Iskanian v. CLS Transportation Los Angeles, LLC,* 59 Cal.4th 348,

28

-17-

1  391 (2014).  Thus, Defendants ask this Court to stay the PAGA claim pending

2  completion of the arbitration of Plaintiff's remaining claims.

3                        IV.  <u>CONCLUSION</u>

4          For the foregoing reasons, Defendants respectfully request that the Court

5  order Plaintiff to individually arbitrate his claims and stay Plaintiff's PAGA claim,

6  pending the completion of arbitration.

7

8  Dated:  September 25, 2020

9                                    SHEPPARD, MULLIN, RICHTER & HAMPTON
10                                   LLP

11

12                          By        */s/ David A. Alvarez*
13                                   DAVID B. CHIDLAW
                                     DANIEL J. McQUEEN
14                                   DANIEL F. DE LA CRUZ
                                     DAVID A. ALVAREZ
15

16                                   Attorneys for SAN DIEGO GAS &
17                                   ELECTRIC COMPANY and SEMPRA
                                     ENERGY
18

19

20

21

22

23

24

25

26

27

28

<u>PROOF OF SERVICE</u>

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On September 25, 2020, I served true copies of the following document(s) described as **DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION, STRIKE PLAINTIFF'S CLASS CLAIMS AND STAY ACT** on the interested parties in this action as follows:

Matthew J. Matern, Esq.
Joshua D. Boxer, Esq.
MATERN LAW GROUP, PC
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Tel: (310) 531-1900
Fax: (310) 531-1901
Email:  calendar@maternlawgroup.com
jboxer@maternlawgroup.com
ereyes@maternlawgroup.com
lolarra@maternlawgroup.com

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 25, 2020, at Los Angeles, California.

ANDREA KENDALL

SMRH:4829-6738-1191.1

-19-