1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RADCLIFF, individually and on behalf of all others similarly aggrieved,<br><br>                           Plaintiffs,<br><br>v.<br><br>SAN DIEGO GAS & ELECTRIC COMPANY, a California corporation; SEMPRA ENERGY, a California corporation; and DOES 1 through 50, inclusive,<br><br>                          Defendants. | Case No.: 3:20-cv-01555-H-MSB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>[Doc. No. 26.] |

Currently pending before the Court is Plaintiff David Radcliffe's ("Plaintiff") motion to remand this case back to the Superior Court of California, County of San Diego. (Doc. No. 26.)   On January 25, 2021, Defendants San Diego Gas and Electric Co. ("SDG&E") and Sempra Energy (collectively, "Defendants") filed a response in

opposition to Plaintiff's motion.  (Doc. No. 31.)  On February 9, 2021, Plaintiff filed a reply.[1]  (Doc. No. 34.)  On February 3, 2021, the Court, in its discretion pursuant to Local Rule 7.1(d)(1), submitted the motion on the parties' papers.  (Doc. No. 33.)  For the following reasons, the Court denies Plaintiff's motion to remand.

## Background

On February 27, 2020, Plaintiff filed a class action complaint against Defendants, his former employers, in the California Superior Court, County of San Diego.  (Doc. No. 1-2.)  In his complaint, Plaintiff asserted several putative class action claims against Defendants for their alleged: (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to indemnify their employees for necessary business expenses; (6) failure to maintain their employment records; (7) failure to furnish accurate and itemized wage statements; (8) failure to pay wages in a timely manner to current employees; (9) failure to pay wages due at the end of employment; and (10) unfair and unlawful business practices.  (Id.)  Additionally, Plaintiff brought an eleventh cause of action under California's Private Attorneys General Act of 2004 ("PAGA").  (Id.)  With his PAGA action, Plaintiff seeks recover civil penalties on behalf of employees who were similarly aggrieved by Defendants.  (Id. ¶¶ 68-71.)

On August 11, 2020, Defendants removed the action to federal court on the grounds that Section 301 of the Labor-Management Relations Act (the "LMRA") preempted Plaintiff's overtime and meal period claims in part because he was subject to a collective bargaining agreement ("CBA") during the relevant periods of this lawsuit.  (Doc. No. 1 ¶¶ 9-12.)  On September 25, 2020, Defendants filed a motion to compel the arbitration of

---

[1]     Plaintiff's reply was filed one day late.  The hearing on this motion was scheduled for February 16, 2021, (Doc. No. 33), making Plaintiff's reply due February 8, 2021 according to Local Rule 7.1(e)(3).  Although the Court submitted the motion on the papers, the submission order explicitly stated that "[t]he due date for the reply remains unchanged."  (Doc. No. 33.)  Nonetheless, the Court, in its discretion, will consider Plaintiff's reply despite its tardiness because, even with it, Plaintiff's motion is still denied.  The Court retains its authority to not consider future late filings by either party in this matter.

1  Plaintiff's non-PAGA claims.  (Doc. No. 7.)  The Court granted Defendants' motion,
2  compelled Plaintiff to submit his non-PAGA claims to arbitration pursuant to the parties'
3  arbitration agreement, and subsequently dismissed those claims without prejudice.  (Doc.
4  No. 20 at 13-14.)  The Court also declined to stay the proceedings on Plaintiff's PAGA
5  claim.  (Id.)  With the instant motion, Plaintiff asks the Court to remand his PAGA claim
6  back to the state court where this action originated.  (Doc. No. 26.)

**Discussion**

**I.    Legal Standards for Motions to Remand**

Since more than thirty days have passed since the filing of Defendants' notice of removal, remand is only authorized on the basis that the Court lacks subject matter jurisdiction.  See 28 U.S.C. § 1447(c).  A federal court must order remand if it lacks subject matter jurisdiction over the action.   Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).  That being said, federal courts have discretion to remand supplemental claims in a "properly removed case to state court when none of the federal claims are remaining, 'upon a proper determination that retaining jurisdiction over the case would be inappropriate,'" Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) (quoting Carnegie–Mellon University v. Cohill, 484 U.S. 343, 357 (1988)); see also 28 U.S.C. § 1367(c) (outlining considerations governing a district court's decision to decline to exercise supplemental jurisdiction).

Federal courts have limited jurisdiction, Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), meaning that they "lack jurisdiction unless the contrary appears affirmatively in the record," Hansen v. Grp. Health Coop., 902 F.3d 1051, 1056 (9th Cir. 2018) (citing DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006)).  A district court has original jurisdiction if the case presents a federal question or if diversity exists. Hansen, 902 F3d at 1056.  The removing party bears the burden of establishing that removal is proper.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

//
//

3

## II.   Original Jurisdiction and Preemption Under Section 301 of the LMRA

District courts have original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; see also U.S. Const. art. III, § 2 (extending the judicial power of federal courts to "all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority"). The "well-pleaded complaint rule" governs whether a case arises under federal law for the purposes of § 1331. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). It holds that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. (citation omitted). Generally, under this rule, federal preemption acts as defense that does not confer federal question jurisdiction on its own. Curtis v. Irwin Indus., Inc., 913 F.3d 1146, 1152 (9th Cir. 2019).

Section 301 of the LMRA, however, creates an exception to the well-pleaded complaint rule.[2] See id. at 1151-52. Section 301 was intended to "fashion a body of federal common law to be used to address disputes arising out of labor contracts," Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007) (quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209 (1985)), and "is an essential component of federal labor policy," Curtis, 913 F.3d at 1152 (quoting Alaska Airlines Inc. v. Schurke, 898 U.S. 904, 917-18 (9th Cir. 2018) (en banc)). Accordingly, "§ 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Curtis, 913 F.3d at 1152 (quoting Metro. Life Ins. v. Taylor, 481 U.S. 58, 65 (1987)). "In other words, a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court." Id. (citation omitted).

To determine whether § 301 preempts a given claim, and to ensure that its

---

[2]   It provides in pertinent part that actions "for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties." 28 U.S.C. § 185.

preemption mandate does not extend past its intended reach, courts apply a two-part test. Id. (citation omitted).   First, courts ask whether the claim involves a right existing "solely" from a CBA, rather than from state law.  Id.  Under this step, if the asserted claim is brought "purely to vindicate a right or duty created by the CBA itself," the claim is preempted.  Id. (quoting Schurke, 898 F.3d at 920-21).  If not, then the inquiry proceeds to step two.  Id. At step two, courts determine if "litigating the state law claim nonetheless requires [the] interpretation of a CBA, such that resolving the entire claim in court threatens the proper role of grievance and arbitration."  Schurke, 898 F.3d at 921.  If this is the case, then the claim is preempted.  Id.

## III.    Analysis

Here, the parties dispute whether the Court has original jurisdiction over Plaintiff's PAGA claim and, therefore, whether remand is even authorized the first place.  As Plaintiff argues, the Court does not have original jurisdiction over his cause of action under PAGA. (Doc. No. 34 at 4.)   Therefore, Plaintiff reasons, the Court should deny supplemental jurisdiction over his PAGA claim, the lone claim still pending before the Court, because his federal claims were dismissed by the Court early in the litigation.  (Doc. No. 26 at 8-9.)   On the other hand, Defendants argue that Plaintiff's PAGA claim falls within the Court's federal question jurisdiction because it is preempted by § 301 of the LMRA, making remand improper.  (See Doc. No. 31 at 2-3.)

### A.    The Character of Plaintiff's PAGA Claims

As a threshold matter, Plaintiff argues that his PAGA claims cannot be preempted under § 301 of the LMRA because they are brought in a representative capacity to protect the public's rights under the California Labor Code.  (Doc. No. 34 at 6.)  Thus, according to Plaintiff, his PAGA action has nothing to do with any CBA that may apply to him. (Id.)

This distinction is not persuasive.  To determine whether a claim is preempted under the LMRA, courts look to the underlying character of the claim itself.  Schurke, 898 F.3d at 921.  Plaintiff's PAGA claims for civil penalties are, in part, derivative of his own overtime and meal period claims.  Curtis, 913 F.3d at 1150 n.3 (noting that PAGA claims

depend on the derivative claims for violations of the California Labor Code); Martinez v. Omni Hotels Mgmt. Corp., No. 20-CV-1924-MMA (BLM), 2021 WL 196509, at *4 (S.D. Cal. Jan. 20, 2021) ("The Court finds Plaintiffs' distinction between bringing PAGA claim for civil penalties versus bringing a Labor Code claim for wages is irrelevant for the purposes of preemption."); Franco v. E-3 Sys., No. 19-CV-01453-HSG, 2019 WL 6358947, at *4 (N.D. Cal. Nov. 8, 2019).   Thus, the Court determines that, if it has original jurisdiction over these predicate claims, it also has original jurisdiction over Plaintiff's PAGA claim.  See Linebarger v. Graphic Packaging Int'l, LLC, No. SACV-20-00309-JVS-JDEx, 2020 WL 1934958, at *5 (C.D. Cal. Apr. 22, 2020) (finding PAGA claims are within a federal courts' original jurisdiction when the underlying labor claims on which the PAGA claims rely are preempted under the LMRA); Martinez, 2021 WL 196509, at *4 (same); Franco, 2019 WL 6358947, at *4 (same).  "To find otherwise would allow for [the] artful pleading of PAGA claims—premised on Labor Code violations—to circumvent congressional intent regarding collective bargaining agreements and preemption." Martinez, 2021 WL 196509, at *4 n.3.

## B.  Overtime Claims

Plaintiff's PAGA claim seeks civil penalties in part for Defendants' alleged violation of California Labor Code section 510, (Doc. No. 1-2 ¶¶ 68-71), which regulates the payment of overtime wages, Lab. § 510(a).  Defendants argue that Plaintiff's PAGA cause of action is preempted because Plaintiff is subject to a CBA that is expressly exempted from section 510.  (Doc. No. 31 at 5.)  After all, section 510 provides that its requirements "do not apply to the payment of overtime compensation to an employee working pursuant to . . . (2) [a]n alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to [California Labor Code] Section 514." Lab. § 510(a)(2).  Section 514 provides the following:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a

regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Id. § 514.

The Ninth Circuit's recent opinion in Curtis v. Irwin Indus., Inc., 913 F.3d 1146 (9th Cir. 2019), is particularly instructive to the resolution of this issue. There, as here, an employee asserted several California law claims against his employer, including one for the failure to pay overtime wages pursuant to section 510. Id. at 1150. His employer removed the action to federal court in part pursuant to § 301 of the LMRA. Id. at 1151. At issue was whether the employee's claims for overtime under section 510 were preempted because the employee was subject to a CBA that met the requirements of section 514. See id. at 1153-54. The employee argued that his overtime claim was not preempted because section 510 "gives him a nonnegotiable state right to . . . overtime pay . . . independent of any interpretation of the CBA." Id. at 1153. The Ninth Circuit disagreed, stating the following:

> By its terms, . . . the default definition of overtime and overtime rates in section 510 does not apply to an employee who is subject to a qualifying CBA. If [the employee]'s CBAs in this case meet the requirements of section 514, [his] right to overtime "exists solely as a result of the CBA," and therefore is preempted under § 301.

Id. at 1154.

Here, Defendants have likewise demonstrated that Plaintiff is an employee who is subject to a CBA compliant with section 514. In support of Defendants' notice of removal, SDG&E's Senior Director of Human Resources and Labor Relations submitted a declaration in which he confirmed that Plaintiff is a member of the International Brotherhood of Electrical Workers, Local Union 465, and worked subject to a CBA between SDG&E and his union throughout the relevant periods of this lawsuit. (Doc. No. 1-7, Boland Decl. ¶ 4.) The CBA expressly provides for Plaintiff's hours of work, wages, and working conditions. (Id., Ex. A, at 15-17, 55-77, 82-88, 90-91.) Further, the CBA pays premium wage rates for each hour of overtime worked and has hourly pay rates that

are at least 30 percent greater the California's minimum wage rates.  (Id. at 22-27, 101-25.)  Accordingly, because the CBA applies to Plaintiff and meets the requirements of section 514, Plaintiff does not have a right to overtime under section 510, making his right to overtime necessarily "exist[] solely as a result of the CBA."  Curtis, 913 F.3d at 1154 (citation omitted).  Therefore, his PAGA claim, which depends at least in part on his claim for overtime wages, is preempted by the LMRA.  See id. at 1152-54.

Rather than argue that the CBA's terms do not meet the requirements of section 514, Plaintiff attempts to distinguish Curtis because, in Curtis, the employee conceded that the CBAs at issue generally applied to him, "and instead challenged the legality of the CBA's overtime provision."[3]   (Doc. No. 34 at 4.)   Plaintiff explains that this concession is particularly relevant because Curtis was decided on a motion to dismiss, not a motion to remand, meaning that the Ninth Circuit did not address the basis for its subject matter jurisdiction in its opinion.  (Id.)  A few district courts sitting in the Ninth Circuit have refused to apply Curtis in light of these distinctions.  See, e.g., Gonzalez Quiroz v. Coffman Specialties, Inc., No. 20-CV-1779-CAB-AHG, 2020 WL 7258725, at *4 (S.D. Cal. Dec. 10, 2020).

The Court, however, finds more persuasive the several other cases that have applied Curtis to exercise original jurisdiction over overtime claims covered by CBAs compliant with section 514 absent a similar concession.  See, e.g., Tolentino v. Gillig, LLC, No. 20-CV-07427-MMC, 2021 WL 121193, at *2-3, 6 (N.D. Cal. Jan. 13, 2021); Landy v. Pettigrew Crewing, Inc., No. 2:19-CV-07474-RGK-AFM, 2019 WL 6245525, at *3-5 (C.D. Cal. Nov. 22, 2019); Franco, 2019 WL 6358947, at *4; Fennix v. Tenderloin Hous. Clinic, Inc., No. 20-CV-05207-DMR, 2020 WL 6462394, at *3 (N.D. Cal. Nov. 3, 2020); Diaz v. Sun-Maid Growers of California, No. 1:19-CV-00149-LJO-SKO, at *6-8 (E.D.

_____

[3]   Specifically, the employee stated in one of his papers that he was "willing to concede that the CBAs [were] generally applicable to [him] because such a concession has zero effect on [his] ultimate rights to pursue [his] statutorily-guaranteed rights in court—a right that exists independently of these CBAs." Curtis, 913 F.3d at 1151.

Cal. Apr. 24, 2019). Plaintiff cannot artfully plead around his CBA in his complaint because, regardless, "[p]reemption attaches to a CBA dispute dressed in state law garb." Martinez, 2021 WL 196509, at *6 (citing Schurke, 898 F.3d at 921). Therefore, neither Plaintiff's neglect in mentioning the CBA in his complaint, nor his refusal to explicitly concede the CBA applies to him in the first place, is dispositive because Plaintiff does not challenge Defendants' contention that the CBA governs his employment. See Franco, 2019 WL 6358947, at *4 ("Plaintiff does not challenge the substance of the CBAs, but instead argues that Curtis is distinguishable because 'in that matter plaintiff conceded that the CBA is applicable to plaintiff.' But Plaintiff does not (and apparently cannot) dispute that his employment is governed by the CBAs, so the absence of an express concession is of no consequence." (citation omitted)).

This interpretation is also more consistent with the plain language of the Curtis opinion. The core of Curtis's logic is that section 510 creates a negotiable right to overtime wages; therefore, if an employee negotiates away this right by entering into a qualifying CBA, the employee's right to overtime wages necessarily derives from the CBA, not California law. See 913 F.3d at 1154-55 ("[T]he California legislature deemed it appropriate to allow unionized employees to contract around section 510(a)'s requirements . . . . [W]hen such a bargain has been struck, courts look to the CBA to determine the definition of 'overtime.'"); Diaz, 2019 WL 1785660, at *6-7; cf. Livadas v. Bradshaw, 512 U.S. 107, 123 (1994) (underscoring that the LMRA "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law" (emphasis added)). Curtis made clear that if, as here, an employee is subject to a CBA satisfying section 514, his overtime claims under section 510 are preempted. 913 F.3d at 1155. Finally, Plaintiff's concerns that Curtis was decided on a motion to dismiss rather than a motion to remand are unfounded because Curtis clearly stated that "a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court." Id. at 1152

Accordingly, the Court has original jurisdiction over Plaintiff's PAGA claim

because Defendants have satisfied their burden to show that Plaintiff's underlying overtime claim is preempted by § 301 of the LMRA.  See id.  Plaintiff's motion to remand is, therefore, denied on this basis.

### C.  Meal Period Claims

Plaintiff also seeks civil penalties under the PAGA for Defendants' alleged violation of California Labor Code section 512, (Doc. No. 1-2 ¶¶ 68-71), which governs meal periods, Lab. § 512(a).  Like sections 510 and 514, section 512 also expressly exempts from its terms certain employees who are subject to qualifying CBAs.  Lab. § 512(e)(1)-(2).  It provides in pertinent part that its requirements "do not apply to" employees of "an electrical corporation, gas corporation, or a local publicly owned electric utility" if the following two conditions are met:

> (1) The employee is covered by a valid collective bargaining agreement.  (2) The valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.

Id. § 512(e)(1)-(2), (f)(4).

Here, Defendants have satisfied their burden of showing that this exemption applies.  First, Defendants are both electrical and gas corporations.  (See Doc. No. 1-7, Boland Decl. ¶ 2.)  Second, as discussed above, Defendants have also shown that Plaintiff is subject to a valid CBA.  And third, the CBA contains express provisions satisfying each of the conditions set forth in section 512(e)(2).  (See id., Ex. A, at 15-17, 20, 22-27, 37-39, 55-77, 82-88, 90-97, 101-25).

Additionally, the Court sees no reason why Curtis should not be extended to preempt meal period claims made by an employee who falls within the exemption set forth in section 512(e), nor does Plaintiff present any such reason.  At bottom, both sections 512 and 514 have nearly identical exemptions that make the rights they confer negotiable.  Along these lines, at least two district courts sitting in the Ninth Circuit impliedly indicated

that, if the requirements of section 512(e) were met, an employee's section 512 meal period claims would be preempted under the LMRA. Fennix, 2020 WL 6462394, at *4; Gunther v. N. Coast Coop., Inc., No. 20-CV-02325-RMI, 2020 WL 3394547, at *6-8 (N.D. Cal. June 19, 2020).[4]  Additionally, the Ninth Circuit, in an unpublished memorandum opinion, applied Curtis to preempt meal period claims made under section 512 when the requirements of section 512(e)'s exemption were satisfied. Marquez v. Toll Glob. Forwarding, 804 F. App'x 679, 680 (9th Cir. 2020). Accordingly, because Defendants have shown that the exemption in section 512(e) applies here, Plaintiff's meal period rights exist solely because of his CBA. Curtis, 913 F.3d at 1152-54. As such, his PAGA action, which is predicated on these rights, is preempted by § 301 of the LMRA and falls within the Court's original jurisdiction. See id. at 1152. Plaintiff's motion to remand is, therefore, also denied on this basis.

## Conclusion

For the foregoing reasons, the Court denies Plaintiff's motion to remand.

**IT IS SO ORDERED.**

DATED:  February 12, 2021

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[4]     Both of those courts ultimately held, however, that preemption was not warranted because, unlike here, the employers in those cases failed to demonstrate section 512(e)'s exemption applied in the first place. Fennix, 2020 WL 6462394, at *4; Gunther, 2020 WL 3394547, at *7.