UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RADCLIFF, individually and on behalf of others similarly situated and aggrieved,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO GAS & ELECTRIC COMPANY, a California corporation; SEMPRA ENERGY, a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 20-cv-1555-H-MSB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND MOTION TO STRIKE**<br><br>[Doc. No. 49.] |

On February 27, 2020, Plaintiff David Radcliff filed a proposed class action complaint against Defendants San Diego Gas & Electric Company and Sempra Energy alleging various wage-and-hour violations. (Doc. No. 1-2, Compl.) On September 25, 2020, Defendants moved to compel arbitration of Plaintiff's wage-and-hour claims. (Doc. No. 7.) The Court granted this motion. (Doc. No. 20, the "2020 Order.") As a result, the only claims still before the Court are Plaintiff's claims for penalties under the California Private Attorneys General Act ("PAGA"). (Id.)

On January 13, 2022, the parties jointly moved to stay the Court's consideration of the PAGA claims pending a forthcoming decision by the United States Supreme Court in

Viking River Cruises, Inc. v. Moriana, 142 S.Ct. 1906 (2022) ("Moriana"). (Doc. No. 46.) The Court granted the parties' motion for a stay. (Doc. No. 47.) The Supreme Court issued its decision in Moriana on June 15, 2022.

On August 16, 2022, Defendants moved to compel arbitration of Plaintiff's individual PAGA claim and to strike Plaintiff's representative PAGA claim.[1] (Doc. No. 49.) The Court held a case status hearing on August 22, 2022. (Doc. No. 50.) Plaintiff subsequently filed his opposition to the motion on August 30, 2022. (Doc. No. 51.) Defendants filed their reply in support of their motion on September 7, 2022. (Doc. No. 53.) The Court held a hearing on the motion on September 12, 2022. Sara B. Tosdal appeared for the Plaintiff, and Richard Azada appeared for the Defendants. For the foregoing reasons, the Court grants Defendants' motion.

## MOTION TO COMPEL ARBITRATION

In the 2020 Order, this Court compelled Plaintiff to submit his wage-and-hour claims to arbitration. (2020 Order at 7, 12.) Plaintiff acknowledges that his PAGA claims are predicated on these same wage-and-hour claims. (See Doc. No. 51 at 3.) However, Plaintiff insists that his PAGA claims are not subject to arbitration because these predicate claims were not subject to arbitration in the first instance. (Id. at 3, 6-8.) In essence, Plaintiff seeks reconsideration of the 2020 Order. For support, Plaintiff rehashes many of the arguments from his opposition to Defendants' initial motion to compel. (See Doc. No. 53 at 1-3.) The Court is unpersuaded by Plaintiff's argument. The Court continues to view the wage-and-hour claims as properly subject to the parties' arbitration agreement for the reasons set forth in the 2020 Order. (See 2020 Order at 3-12.) Since these predicate claims

---

[1] In Moriana, the Supreme Court noted that the terms "individual" and "representative" have multiple meanings in the context of a PAGA claim. 142 S.Ct. at 1916. For the purposes of this order, the Court uses the term "individual" PAGA claims to mean claims that are premised on California Labor Code violations "actually sustained by the plaintiff" and "representative" PAGA claims to mean those claims "arising out of events involving other employees." Id.

are subject to arbitration, Plaintiff's individual PAGA claim will also be subject to arbitration.

During the Court's consideration of the prior motion to compel arbitration, Defendants conceded that Plaintiff's PAGA claims were not subject to arbitration. (2020 Order at 3.) At the time, the California Supreme Court's opinion in <u>Iskanian v. CLS Transp. Los Angeles, LLC</u>, 327 P.3d 129 (Cal. 2014), set forth the controlling law on that issue. Recently, the Supreme Court has held that the Federal Arbitration Act ("FAA") preempts the rule of California law established by <u>Iskanian</u>. See <u>Moriana</u>, 142 S.Ct. at 1913.

The background of this case is nearly identical to <u>Moriana</u>. In both cases, an employee filed a complaint alleging PAGA claims and various predicate wage-and-hour violations. <u>Id.</u> at 1916. The defendant in <u>Moriana</u>, Viking River Cruises ("Viking"), moved to compel arbitration of the plaintiff's individual PAGA claim and to dismiss her representative PAGA claim. <u>Id.</u> The trial court denied the motion to compel, and the California Court of Appeal affirmed the denial on the basis of the California Supreme Court's opinion in <u>Iskanian</u>. <u>Id.</u> The Supreme Court overruled these decisions and concluded that the FAA preempted the rule in <u>Iskanian</u> that precluded the division of PAGA actions into individual and non-individual claims through an arbitration agreement. <u>Id.</u> at 1924. Thus, Viking "was entitled to enforce the agreement insofar as it mandated arbitration of Moriana's individual PAGA claim." <u>Id.</u> at 1925. Likewise, Defendants in this case are entitled to arbitrate Plaintiff's individual PAGA claim because it is subject to the parties' valid, enforceable arbitration agreement as set forth in the Court's 2020 Order. Accordingly, the Court grants Defendants' motion to compel arbitration of Plaintiff's individual PAGA claim.

## **MOTION TO STRIKE**

Plaintiff alleges both individual and representative PAGA claims in Count XI of his Complaint. (Doc. No. 1-2, <u>Compl.</u> ¶¶ 68-71.) The Court now turns to the representative PAGA claim. Defendants move to strike the representative PAGA claim from Count XI

for lack of statutory standing.[2]  (Doc. No. 49 at 9-10.)  Plaintiff contends that he has statutory standing to pursue a representative PAGA claim before this Court even if he is compelled to arbitrate his individual PAGA claim.  (Doc. No. 51 at 10-15.)

Defendants' motion to strike is effectively a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) for lack of statutory standing.  Vaughn v. Bay Envtl. Mgmt., Inc., 567 F.3d 1021, 1022-24 (9th Cir. 2009).  But, given that Defendants filed an answer in this case (Doc. No. 2), the Court considers the proper legal standards to be those that govern a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).  A Rule 12(c) motion will only be granted "when, viewing the facts as presented in the pleadings in the light most favorable to the plaintiff, and accepting those facts as true, the moving party is entitled to judgment as a matter of law."  Gutierrez v. Chung, 2013 WL 655141, *3 (E.D. Cal. Feb. 21, 2013).  The standard governing a motion under Rule 12(c) is essentially the same as that governing a Rule 12(b)(6) motion.  Dworkin, 867 F.2d at 1192.  When a Rule 12(c) motion is used to raise the defense of failure to state a claim, the motion is subject to the same test as a motion under Rule 12(b)(6).

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The plaintiff must

---

[2] Plaintiff does not assert that his representative PAGA claim should be arbitrated.  Rather, he only seeks to maintain his representative PAGA claim before this Court.  Notably, the Supreme Court remarked in Moriana that the PAGA claim joinder rule may not require parties to arbitrate matters outside of those agreed upon.  Moriana, 142 S. Ct. at 1923-24.  Thus, the Defendants are not required to arbitrate the representative PAGA claim unless they agreed to do so.  See id.  Defendants argue that they did not agree to arbitrate the representative claim.  Plaintiff does not contest this assertion.  Moreover, the Court concluded in its 2020 Order that the arbitration agreement only provides for arbitration of Plaintiff's individual claims.  (See 2020 Order at 12-13.)

allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

There are no relevant factual disputes between the parties on this issue. The parties simply disagree as to whether Plaintiff can maintain statutory standing to bring a representative PAGA claim once his individual PAGA claim is compelled to arbitration. The Court begins with a brief review of Moriana's holding on this issue. PAGA contains "what is effectively a rule of claim joinder [and] [a]n employee with statutory standing may seek any civil penalties the state can, including penalties for violations involving employees other than the PAGA litigant herself." Moriana, 142 S.Ct. at 1915 (internal quotation omitted). However, "[u]nder PAGA's standing requirement, a plaintiff can maintain non-individual PAGA claims in an action only by virtue of also maintaining an individual claim in that action." Id. at 1925 (citing Cal. Labor Code §§ 2699(a), (c)). "When an employee's own dispute is pared away from a PAGA action, the employee is no different from a member of the general public, and PAGA does not allow such persons to maintain suit." Id. (citing Kim v. Reins Int'l Cal., Inc., 459 P.3d 1123, 1133 (Cal. 2020)). In sum, the Supreme Court concluded that once a plaintiff's individual PAGA claims were compelled to arbitration, that plaintiff "lack[ed] statutory standing to continue to maintain her non-individual claims in court, and the correct course is to dismiss her remaining claims." Id.

Defendants contend that Moriana's holding resolves the statutory standing issue.[3]

---

[3] Defendants also argue that Plaintiff's statutory standing is a question s of federal law. (Doc. No. 53 at 3-4.) But Defendants are conflating statutory standing—in this case, set forth by California state law—and Article III standing. See Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174-75 (9th Cir. 2004) (discussing Article III standing and statutory standing). Statutory standing, not Article III standing, is at issue in this case, and because PAGA is a state law claim, state law is controlling of statutory standing to bring the claim.

In contrast, Plaintiff argues that the Supreme Court erred in its interpretation of PAGA's statutory standing. (Doc. No. 51 at 11-12.) Plaintiff primarily takes issue with the Supreme Court's interpretation of the California Supreme Court's opinion in Kim. (Id.) Plaintiff asserts that Justice Sotomayor invited California courts to correct this error in her concurrence. Moriana, 142 S.Ct. at 1925-26 (Sotomayor, J., concurring) ("Of course, if this Court's understanding of state law is wrong, California courts, in an appropriate case, will have the last word.  Alternatively, if this Court's understanding is right, the California Legislature is free to modify the scope of statutory standing under PAGA within state and federal constitutional limits.").  Notwithstanding Justice Sotomayor's concurrence, a majority of Justices—including Justice Sotomayor—held that a plaintiff lacks statutory standing to bring a representative PAGA claim without a related individual PAGA claim in that same proceeding.  See Moriana, 142 S.Ct. at 1925-26.  Moreover, the Supreme Court explicitly considered Kim when reaching this holding.  See Moriana, 142 S.Ct. at 1925-26.

The Court is disinclined to substitute its own interpretation of California state law in place of an interpretation set forth so recently by the Supreme Court. See Kona Enterprises, Inc. v. Est. of Bishop, 229 F.3d 877, 884 n.7 (9th Cir. 2000) (explaining that courts within the Ninth Circuit are bound by interpretations of state law by the Ninth Circuit in the absence of any subsequent indication from the state courts that the interpretation is incorrect); Owen ex. rel. Owen v. United States, 713 F.2d 1461, 1464 (9th Cir. 1983) (same); see also F.D.I.C. v. McSweeney, 976 F.2d 532, 535 (9th Cir. 1992) ("As a three-judge panel, we are bound by our prior decisions interpreting state as well as federal law in the absence of intervening controlling authority.").  Moreover, like the Supreme Court, this Court sees no "mechanism [provided by PAGA] to enable a court to adjudicate non-individual PAGA claims once an individual claim has been committed to a separate proceeding." Moriana, 142 S.Ct. at 1925.  Accordingly, the Court strikes Plaintiff's representative PAGA claim from Count XI because Plaintiff now lacks statutory standing to bring the claim before this Court.

**REQUEST TO STAY**

Plaintiff argues that if this Court finds in favor the Defendants on the statutory standing issue, then the Court should stay this case until the California Supreme Court issues its opinion in the appeal of Adolph v. Uber Techs., Inc., No. G059860, 2022 WL 1073583 (Cal. Ct. App. Apr. 11, 2022).[4] "The district court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997). Plaintiff, as the proponent, bears the burden of establishing the need of the stay. Id. at 708. "The Court considers the following factors when ruling on a request to stay proceedings: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Richards v. Pac. Gas & Elec. Co., 2017 WL 1370684, at *1 (C.D. Cal. Apr. 10, 2017) (citation omitted). The Court should "balance the length of any stay against the strength of the justification given for it." Id. (citation omitted).

Plaintiff requests that the Court stays this case until after the California Supreme Court issues its order in Adolph. (Doc. No. 51 at 15-17.) Plaintiff contends that the California Supreme Court will correct the Supreme Court's error on the question of statutory standing. (Id.) Two factors weigh heavily against a stay. First, the Supreme Court directly addressed the statutory standing issue in Moriana. Although the California Supreme Court may also address this question, this Court is already presented with persuasive authority on the statutory standing issue. Second, this Court has no assurances

---

[4] Plaintiff requests that this Court take judicial notice of related trial court opinions. (Doc. No. 51-4.) A court may take judicial notice of a fact that is "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes court records. See U.S. v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018). Accordingly, the Court takes judicial notice of the opinions submitted by the Plaintiff. (Doc. Nos. 51-5 – 51-9.)

of when the California Supreme Court will decide Adolph. The opening merits brief in the appeal is due on September 19, 2022 (Doc. No. 51 at 16), but neither the parties nor the Court know when this case will be resolved. The Court declines to issue an indefinite stay of months, or possibly years, on the possibility that the California Supreme Court's interpretation of statutory standing will differ from the interpretation articulated in Moriana. See Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) ("Generally, stays should not be indefinite in nature.").

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion. The Court strikes Plaintiff's representative PAGA claim from Count XI of his complaint and compels the remaining individual PAGA claim in Count XI to be arbitrated. As the PAGA claims were the only remaining claims before the Court, the Court dismisses the case.

**IT IS SO ORDERED.**

DATED:    September 12, 2022

MARILYN L. HUFF, Senior District Judge
UNITED STATES DISTRICT COURT